**YU | MOHANDESI LLP**

**Pavel Ekmekchyan** (SBN 223222)
213.985.2007 | pavel@yumollp.com
**Neeru Jindal** (SBN 235082)
213.266.5459 | njindal@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
NewRez LLC dba Shellpoint Mortgage Servicing

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| KIMBERLY COX,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LAW OFFICES OF LES ZIEVE, A PROFESSIONAL CORPORATION; RICHARD L. MROCZEK; NEWREZ LLC; QWENDENA ROBINSON; ALFONSO RAMIREZ; AND ALL PERSONS KNOWN OR UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT, ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD UPON PLAINTIFF S TITLE THERETO; AND DOES 1-100 INCLUSIVE,<br><br>　　　　　Defendants. | Case No.:   5:20-cv-4418<br><br>[Removal from the Superior Court of California for the County of Santa Cruz, Case No. 20CV01161]<br><br>**DEFENDANT NEWREZ LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>[FEDERAL QUESTION JURISDICTION]<br><br>Complaint Filed: May 8, 2020 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant NewRez LLC dba Shellpoint Mortgage Servicing ("Shellpoint") hereby removes the action described below from the Superior Court of California for the County of Santa Cruz, to the United States District Court for the Northern District of California, pursuant to Sections 1331, 1441, and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §1441 because Shellpoint has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. In support of this Notice of Removal, Shellpoint states as follows:

## I. INTRODUCTION

1. On May 8, 2020, Plaintiff Kimberly Cox ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Santa Cruz ("Superior Court"), entitled *Cox v. Law Offices of Les Zieve, et al.,* Case No. 20CV01161. In the Complaint, Plaintiff alleges, among other things, that she obtained a mortgage loan in 2004, filed a Chapter 7 bankruptcy petition in 2010 in which she listed the loan as unsecured, and subsequently attempted to rescind her loan pursuant to 15 U.S.C § 1635. (Comp. ¶¶ 17, 24, 32, 40, 46, 49.) Plaintiff now claims that defendants' initiation of foreclosure proceedings on real property located at 131 Sutphen St., Santa Cruz, CA 95060 ("Property") in 2020 was improper because the loan was rescinded and discharged during her bankruptcy. (*See, e.g., id.* at ¶¶ 17-19, 27, 32, 39.)

2. Based on these allegations and in a classic case of "artful pleading," Plaintiff asserts violations of federal law throughout the complaint but nominally attempts to disguise them under the titles of state law claims for (1) Violation of the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*), (2) Aiding and Abetting Violation of the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*), (3) Slander, Libel and Disparagement of Title, Attempting to Obtain Title by Fraud, (4) Aiding and Abetting Slander of Title; Attempting to Obtain Title by Fraud, (5) Violation of the Homeowner Bill of Rights (Cal. Civ. Code § 2920 *et seq.*), (6) Aiding and Abetting Violation of the Homeowner Bill of Rights (Cal. Civ. Code § 2920 *et seq.*), (7)

Violation of the Homeowner Bill of Rights (Cal. Civ. Code § 2923.55 *et seq.*), (8) Violation of the Unfair Competition Law Bus. & Pro£ Code § 17200 *et seq.*, and (9) Aiding and Abetting Violation of the Unfair Competition Law Bus. & Prof. Code § 17200 *et seq*.  A true and correct copy of the Complaint filed in Santa Cruz Superior Court is attached as **Exhibit A**.  In addition, true and correct copies of the remainder of the documents, pleadings, and process served on Shellpoint are attached hereto as **Exhibit B** as required by 28 U.S.C. §1446(a).

3. Despite this obvious attempt at artful pleading, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because each of the claims in the Complaint arises out of a federal question/issue.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

4. United States district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  The general rule is that a case meets the "arising under" standard if it is apparent that federal law creates the plaintiff's cause of action from the face of the complaint.  *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 27-28 (1983).

5. "[T]he vast majority" of cases arising under federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  However, an alternative category of cases may also be said to arise under federal law even when a plaintiff sues purely under state causes of action.  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  In these cases, "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc.*, 478 U.S. at 808 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)).  This category of cases "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Under this branch of "arising under" jurisprudence,

"federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

6. Each of Plaintiff's causes of action in the Complaint is based on the claim that she rescinded her loan in 2007 under 15 U.S.C. § 1635 of the Truth in Lending Act ("TILA") and that her loan is otherwise extinguished because she scheduled it as "unsecured" in her 2010 Chapter 7 bankruptcy petition purportedly resulting in it being discharged. Comp., ¶¶ 23-24.). Thus, the determination of Plaintiff's causes of action, including whether Defendants are authorized to foreclose, turns on substantial federal issues. *See, e.g., Dupree v. Fay Servicing, LLC*, 392 F. Supp. 3d 639, 644 (E.D. Va. 2019) (denying motion to remand plaintiff's breach of deed of trust claims because such claims were facially based on the violation of federal mortgage regulations that plaintiff argued were incorporated into the deed); *McMichael v. Select Portfolio Servicing, Inc.*, No. 6:20-CV-00004, 2020 WL 3078334, at *4 (W.D. Va. June 10, 2020) (same).

7. Notably, Plaintiff filed a lawsuit on May 20, 2015 titled *Cox v. Old Republic National Title Insurance Co.,* Case No. 5:15-cv-02253-BLF, before the Hon. Beth Labson Freeman, that raised the very same issues being raised in this lawsuit regarding the alleged rescission of her loan under TILA and bankruptcy discharge. On August 8, 2016, the District Court rejected Plaintiff's arguments, granted defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, and entered judgment for defendants. On September 4, 2016, Plaintiff appealed the District Court's judgment to the Ninth Circuit Court of Appeals, which affirmed the District Court's judgment on November 19, 2018 in Case No. 16-16566. On June 7, 2019, Plaintiff filed a Petition for a Writ of Certiorari to the U.S. Supreme Court. On October 9, 2019, that Petition was denied. On or around October 16, 2019, Plaintiff filed a Petition for Rehearing which the U.S. Supreme Court denied on November 18, 2019. Six months later, Plaintiff filed this lawsuit in state court after all avenues of relief in federal court were exhausted.

8. Additionally, under the "artful pleading" doctrine, a plaintiff cannot defeat removal of a federal claim by disguising or pleading it artfully as a state law cause of action. If the claim arises under federal law, the federal court will recharacterize it and uphold removal. *Federated*

— 4 —
NOTICE OF REMOVAL

*Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398 n. 2 (1981); *Schroeder v. Trans World Airlines, Inc.,* 702 F.2d 189, 191 (9th Cir.1983). The artful pleading doctrine applies to "(1) complete preemption cases, and (2) substantial federal question cases." *Lippitt v. Raymond Jones Financial Services, Inc.,* 340 F.3d 1033, 1041 (9th Cir.2003) (citations omitted). "Subsumed within this second category are those cases where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question." *Id.* at 1041-42.

9. Plaintiff's Complaint arises out of a federal statute –TILA – and each of the claims in the Complaint is premised on the validity of Plaintiff's alleged TILA rescission. *See,* Exhibit A. Moreover, Plaintiff's claims arise out of the alleged bankruptcy discharge arising under federal bankruptcy law. 11 U.S.C. § 727. Plaintiff's action therefore arises under federal law.

10. Furthermore, Plaintiff has alleged violations of numerous federal laws and regulations throughout the Complaint, *i.e.*, TILA, the Fair Debt Collection Practices Act, and the Bankruptcy Code, but conveniently avoids alleging any cause of action for a violation of these laws. *See, e.g.,* Comp., ¶ 21 (15 U.S.C. §§ 1601, 1602, 12 C.F.R. §§ 226.2, 226.23), ¶ 23 (15 U.S.C. § 1635), ¶ 24 (11 U.S.C. § 524), ¶ 28 (15 U.S.C. § 1635), ¶¶ 52-53 at fns. 73-77 (15 U.S.C. § 1602, 1692(a), 12 C.F.R. § 1026.2), ¶ 58 at fn. 92 ("NewRez and LOLZAPC have also violated 15 U. S. C. § 1692 et seq. for the same reasons stated herein."), ¶ 94 (15 U. S.C. §§ 1692, 1692c, 1692d, 1692e, 1692f, 1692g, 1692j, 18 U.S.C. §§ 1341, 1342, 1343, 1346, 1961, *et seq.*), ¶ 96 (11 U.S.C. §§ 362, 524), ¶ 97 (17 C.F.R. § 240.10b-5).

11. Thus, while Plaintiff attempts to couch the claims in her Complaint as arising under California statutes, the claims are fundamentally based on and arise out of federal laws. However, because Plaintiff already exhausted her attempts to bring violations of these federal laws by Defendants in her prior lawsuit, Plaintiff has now repackaged these claims as state law claims to get a second bite at the apple. Plaintiff's Complaint goes to the very essence of what "artful pleading" is about.

12. Accordingly, for all of the above reasons, this Court has federal question jurisdiction over Plaintiff's claims in the Complaint pursuant to 28 U.S.C. § 1331.

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

10. On May 8, 2020, Plaintiff filed this action in the Superior Court of California for the County of Santa Cruz against Defendants. Shellpoint was served by certified mail with the Summons, Complaint, and Notice of Acknowledgment of Receipt on June 5, 2020. *See,* **Exhibit B**.

11. On June 22, 2020, Shellpoint signed and returned the Notice of Acknowledgment of Receipt. A true and correct copy of the Notice and Acknowledgement of Receipt is attached hereto as **Exhibit C**. Pursuant to California Code of Civil Procedure § 415.30(c), the Summons was deemed complete on June 22, 2020. In accordance with 28 U.S.C. § 1446(b), Shellpoint filed this removal action within 30 days of June 22, 2020. The removal is, therefore, timely. *Madren v. Belden, Inc.*, No. 12-CV-20 01706-RMW, 2012 WL 2572040, at *2 (N.D. Cal. July 2,2012), *citing Murphy Bros., Inc, v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999) ("Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period because it 'assures defendants adequate time to decide whether to remove an action to federal court.'").

12. Shellpoint's co-defendants Qwendena Robinson, and Alfonso Ramirez have not been served and therefore their consent to removal is not required. Co-defendants the Law Offices of Les Zieve and Richard L. Mroczek (the "Zieve Parties") take the position that, as foreclosure trustee, they are a mere nominal party to this action and subject to the protections of Cal. Civ. Code § 2924l, et seq. Without waiving said protections, the Zieve Parties consent to Shellpoint's removal of this action to federal court.

13. The Superior Court of California for the County of Santa Cruz is located within the United States District Court for the Northern District of California, San Jose Division. *See* 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); Civ. LR 3-2.

14. In compliance with 28 U.S.C. §1446(d), Shellpoint will serve on Plaintiff and file with the Clerk of the Superior Court a written notice of the filing of this Notice of Removal, with a copy of this Notice of Removal attached to the notice.

15. No previous application has been made for the relief requested herein.

//

WHEREFORE, Shellpoint respectfully removes this action from the Superior Court of California for the County of Santa Cruz to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

DATED: July 2, 2020.

                                              YU | MOHANDESI LLP

By   */s/ Neeru Jindal*
     Pavel Ekmekchyan
     Neeru Jindal
     Attorneys for Defendants
     NewRez LLC dba Shellpoint Mortgage Servicing

# CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020, I electronically filed the foregoing document(s) entitled:

- DEFENDANT NEWREZ LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446

with the Clerk of the Court at the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

I also served a copy of the above document(s) by U.S. Mail to:

| | |
|---|---|
| Ronald H. Freshman, Esq., SBN #225136 | Bradford E. Klein, Esq. |
| Law Offices of Ronald H. Freshman | ZBS Law, LLP |
| 3040 Skycrest Drive | 30 Corporate Park, Suite 450 |
| Fallbrook, CA 92028 | Irvine, CA 92606 |
| *Counsel for Plaintiff* | *Counsel for The Law Offices of Les Zieve and Richard L. Mroczek* |

DATED:  July 2, 2020.

By  */s/ Neeru Jindal*
Pavel Ekmekchyan
Neeru Jindal
Attorneys for Defendants
NewRez LLC dba Shellpoint Mortgage Servicing

— 1 —
CERTIFICATE OF SERVICE