1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**YU | MOHANDESI LLP**

**Pavel Ekmekchyan** (SBN 223222)
213.985.2007 | pavel@yumollp.com
**Neeru Jindal** (SBN 235082)
213.266.5459 | njindal@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
NewRez LLC dba Shellpoint Mortgage Servicing

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| KIMBERLY COX,<br><br>                     Plaintiff,<br><br>v.<br><br>LAW OFFICES OF LES ZIEVE, A PROFESSIONAL CORPORATION; RICHARD L. MROCZEK; NEWREZ LLC; QWENDENA ROBINSON; ALFONSO RAMIREZ; AND ALL PERSONS KNOWN OR UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT, ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD UPON PLAINTIFF S TITLE THERETO; AND DOES 1-100 INCLUSIVE,<br><br>                     Defendants. | Case No.: 5:20-cv-04418-SVK<br>Assigned to the Hon. Susan van Keulen<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  August 18, 2020<br>Time: 10:00 a.m.<br>Courtroom:  6, 4th Floor<br><br>Complaint Filed: May 8, 2020<br>Date of Removal: July 2, 2020 |

— 1 —

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on August 18, 2020 at 10:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Susan van Keulen, in Courtroom 6, 4th Floor of the Robert F. Peckham Federal Building & United States Courthouse located at 280 South 1st Street, Room 2112, San Jose, CA 95113, Defendant NewRez LLC dba Shellpoint Mortgage Servicing ("Shellpoint") will and hereby does move for an order granting Shellpoint's Motion to Dismiss the Complaint of Plaintiff Kimberly Cox ("Plaintiff") with prejudice.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's Complaint fails to state any claim against Shellpoint upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities in support thereof, Shellpoint's Request for Judicial Notice and exhibits attached thereto, the pleadings, papers, and records on file in this action, and any such oral argument as may be presented at the time of any hearing.

DATED:  July 9, 2020.

                                   YU | MOHANDESI LLP


                                   By____/s/ Neeru Jindal_____
                                        Pavel Ekmekchyan
                                        Neeru Jindal
                                        Attorneys for Defendant
                                        NewRez LLC dba Shellpoint Mortgage Servicing

— 2 —

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  SUMMARY OF ALLEGATIONS AND PROCEDURAL BACKGROUND ...................... 2

  A.   THE LOAN .................................................................................................. 2

  B.   PLAINTIFF'S BANKRUPTCY PETITION AND ADVERSARY PROCEEDING ....................................... 2

  C.   PLAINTIFF'S FEDERAL COURT ACTION ......................................................... 3

  D.   PLAINTIFF'S CURRENT LAWSUIT AND DEFENDANTS' REMOVAL TO FEDERAL COURT .............. 4

  E.   THE NON-JUDICIAL FORECLOSURE PROCEEDINGS ........................................ 4

III. STANDARD OF REVIEW ................................................................................... 5

IV.  RES JUDICATA AND COLLATERAL ESTOPPEL BAR PLAINTIFF'S ATTEMPT TO RELITIGATE CLAIMS AND ISSUES THIS COURT HAS ALREADY DECIDED ................ 6

  A.   RES JUDICATA BARS RELITIGATION OF CLAIMS PREVIOUSLY LITIGATED BY PLAINTIFF ........... 7

    1.   There Is Identity and Privity Between the Parties of Both Lawsuits ................................ 7

    2.   Both Lawsuits Involve Substantially Identical Claims .............................................. 7

    3.   The Prior Action Resulted in a Final Judgment on The Merits ..................................... 9

  B.   COLLATERAL ESTOPPEL BARS RELITIGATION OF ISSUES PREVIOUSLY LITIGATED BY PLAINTIFF ..................................................................................... 9

V.   AS THIS COURT ALREADY FOUND, PLAINTIFF LACKS STANDING TO BRING HER CLAIMS ............................................................................................... 10

VI.  PLAINTIFF'S CHALLENGES TO THE NON-JUDICIAL FORECLOSURE DOCUMENTS IS WITHOUT MERIT ...................................................................... 11

VII. PLAINTIFF'S CLAIMS INDEPENDENTLY FAIL ................................................ 12

  A.   PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF THE RFDCPA FAILS ...................... 12

  B.   PLAINTIFF'S THIRD CLAIM FOR SLANDER OF TITLE FAILS ................................ 15

    1.   The Non-Judicial Foreclosure Documents Do Not Slander Plaintiff's Title and Are Privileged Activity ........................................................................................ 15

    2.   Plaintiff Does Not Identify Any False Statements ................................................. 15

    3.   Plaintiff Has Not Alleged Any Pecuniary Loss ................................................... 16

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— i —

C.   PLAINTIFF'S FIFTH CLAIM FOR VIOLATION OF THE HBOR FAILS ............................................. 17

1.   There is No Private Right of Action Under Section 2924(a)(6) ........................................ 17

2.   Plaintiff Cannot Maintain A Violation of Section 2932.5 ................................................ 18

3.   Plaintiff Fails to State A Claim Under Section 2924.17 ................................................ 18

D.   PLAINTIFF'S EIGHTH CLAIM FAILS TO ALLEGE A VIOLATION OF THE UCL .......................... 19

1.   Plaintiff Lacks Standing to Assert A UCL Claim ................................................ 19

2.   Plaintiff Fails to Allege Any Wrongful Conduct Under The UCL ................................................ 19

**VIII.   LEAVE TO AMEND SHOULD BE DENIED. .................................................. 21**

**IX.   CONCLUSION ........................................................................................ 21**

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF AUTHORITIES

## CASES

*Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157 (Fed. Cir. 1993).......... 6

*Allen v. McCurry*, 449 U.S. 90 (1980).................................................................................... 7, 9

*Appel v. Burman*, 159 Cal. App. 3d 1209 (1984) ................................................................... 16

*Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013 (N.D. Cal. 2006) .................................. 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................................................. 6, 20

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................... 6

*Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544 (2007) ............................................ 20

*Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118 (2011) ................................................... 18

*Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042 (9th Cir. 2000) ...................................... 20

*Clark v. Bear Stearns & Co.*, 966 F.2d 1318 (9th Cir. 1992) .................................................... 9

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) .................................................. 21

*Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001).................................................................... 6, 11

*Doe v. United States*, 58 F.3d 494 (9th Cir.1995)................................................................. 21

*Dumas v. Kipp*, 90 F. 3d 386 (9th Cir. 1996)....................................................................... 6

*Fitzgerald v. Bosco Credit, LLC*, 2017 WL 3602482 (N.D. Cal. August 21, 2017) ......................... 13

*Gamboa v. Trustee Corps.*, No. 09-0007 SC, 2009 WL 656285 (N.D. Cal. Mar. 12, 2009) ............ 13

*Glass v. Gulf Oil Corp.*, 12 Cal. App. 3d 412 (1970) .............................................................. 15

*Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683 (9th Cir. 2005) ............................... 9

*Hinrichsen v. Bank of Am., N.A.*, No. 17-CV-0219 DMS (RBB), 2017 WL 2992662 (S.D. Cal. July 14, 2017) ................................................................................................................... 18

*In re Lopez*, 283 B.R. 22 (9th Cir. BAP 2002) ................................................................... 6, 11

*In re Polis*, 217 F.3d 899 (7th Cir. 2000)......................................................................... 10

*In re Tobacco II Cases*, 46 Cal. 4th 298 (2009)................................................................... 19

*Izenberg v. ETS Servs.*, 589 F. Supp. 2d 1193 (C.D. Cal. 2008) ............................................... 13

Janjua v. Neufeld, Case No. 15-cv-05475-EMC, 2017 WL 2876116 (N.D. Cal. July 6, 2017) .......... 9

*Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013) .................................... 11

YU I MOHANDESI LLP<br>633 West Fifth Street, Suite 2800<br>Los Angeles, CA 90071

NOTICE OF MOTION AND MOTION TO DISMISS

*Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183 (E.D. Cal. 2010) .................................... 13

*Kachlon v. Markowitz*, 168 Cal. App. 4th 316 (2008) ........................................................................ 15

*Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164 (2001) ........................................................ 20

*Lee v. Thornburg Mortg. Home Loans Inc.*, No. 14-CV-00602 NC, 2014 WL 4953966 (N.D. Cal.

    Sept. 29, 2014) .............................................................................................................................. 7

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) .................................................................................. 21

*Lucioni v. Bank of Am., N.A.*, 3 Cal. App. 5th 150 (2016) .................................................................. 17

*Mena v. JP Morgan Chase Bank, N.A.*, 12-1257 PSG, 2013 WL 150716 (N.D. Cal. Jan. 14, 2013) 16

*Moss v. U.S. Secret Service*, 572 F. 3d 962 (9th Cir. 2009) .................................................................. 6

*Nguyen v. JP Morgan Chase Bank, N.A.*, CV12-04183, 2012 WL 4942816 PSG (N.D. Cal. Oct. 17,

    2012) ............................................................................................................................................ 16

*Padayachi v. Indymac Bank*, 2010 WL 1460309 (N.D. Cal. Apr. 9, 2010) ........................................ 13

*R&B Auto Ctr., Inc. v. Farmers Group, Inc.*, 140 Cal. App. 4th 327 (2006) ...................................... 19

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006) ........................................... 7

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) .............................................. 5

*Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42 (2011) ........................................ 11

*Ryan v. Editions Ltd. W., Inc.*, No. C–06–4812–PVT, 2007 WL 4577867 (N.D. Cal. Dec. 27, 2007)

    .................................................................................................................................................... 16

*Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917 (2003) .............................................................. 19

*Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705 (9th Cir.1986) ........................ 10

*Simmons v. Aurora Bank FSB*, 2016 WL 192571 (N.D. Cal. Jan. 15, 2016) ...................................... 20

Sosa v. DIRECTV, Inc., 437 F.3d 923 (9th Cir. 2006) ......................................................................... 9

*Sumner Hill Homeowners' Ass'n Inc. v. Rio Mesa Holdings, LLC*, 205 Cal. App. 4th 999 (2012)... 15

*Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064 (9th Cir. 2003) ........... 7

*Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004) ................................................................................ 10

*Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914 (9th Cir. 2012) ................... 8

*United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139 (9th Cir. 2011) ............. 8

*Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524 (8th Cir. 1991) ............................... 10, 11

YUI MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

NOTICE OF MOTION AND MOTION TO DISMISS

1

<u>STATUTES</u>

2

11 U.S.C. § 541(a)(1)..................................................................................................... 10

3

11 U.S.C. § 554(d)........................................................................................................ 10

4

11 U.S.C. §§ 554(c), 521(1).......................................................................................... 10

5

Bus. & Prof. Code § 17204........................................................................................... 19

6

Cal. Civ. Code § 1788.10.............................................................................................. 14

7

Cal. Civ. Code § 1788.13......................................................................................... 13, 14

8

Cal. Civ. Code § 2934a(a)(1)........................................................................................ 12

9

Cal. Civ. Code §§ 2924.12(a)(1) & 2924.19(a)(1)....................................................... 17

10

Cal. Civ. Code §§ 47, 2924(b), (d).............................................................................. 15

11

Civ. Code § 2924(a)(l).................................................................................................. 12

12

Civ. Code § 2924.17(a)................................................................................................. 18

13

14

<u>TREATISES</u>

15

Rest. 3d Torts § 633...................................................................................................... 16

16

17

18

19

20

21

22

23

24

25

26

27

28

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

NOTICE OF MOTION AND MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Despite the 100+ paragraphs in Plaintiff's Complaint, Plaintiff has not stated any viable claim for relief against Shellpoint. Nor can she as the theories underlying her Complaint have already been rejected by this Court. Plaintiff is a serial litigant, bordering on the side of being a vexatious litigant, whose lawsuit is the latest in a series of unsuccessful lawsuits since 2010 against her lender, loan servicer and foreclosure trustee, among others.

Plaintiff's lawsuit comes on the heels of the U.S. Supreme Court's denial of her Petition for Writ of Certiorari after this Court dismissed her second amended complaint against Shellpoint (and others) in Plaintiff's 2015 lawsuit, Case No. 5:15-cv-02253-BLF. Plaintiff exhausted every avenue of relief in that lawsuit and was able to use the litigation to stall foreclosure proceedings and the impending foreclosure of her property. This despite the fact that no payments have been made on her mortgage loan since 2008.

Plaintiff's Complaint is barred by res judicata because it seeks to relitigate claims based on identical theories as her prior lawsuit. In particular, Plaintiff claims that she rescinded her loan in 2007 by sending her lender a notice of rescission under the Truth in Lending Act (15 U.S.C. § 1635) and, that the purported rescission rendered her loan void, so that her lender could not foreclose. This Court already rejected Plaintiff's arguments, finding that Plaintiff lacks standing to assert claims arising out of the purported rescission because she did not schedule them in her 2010 Chapter 7 Bankruptcy. Accordingly, only the Chapter 7 Trustee had standing to assert any possible claim but has not done so.

Any argument by Plaintiff that she could not have scheduled the pending claims because they arose out of documents recorded in 2020 misses the mark. Although the Complaint purports to raise new claims, those claims arise out of and depend on the same theory that Plaintiff rescinded her loan in 2007 and/or received a bankruptcy discharge that extinguished her lien. At their core, the claims in the Complaint stem from the purported rescission. The parties are identical (Shellpoint and its employees) or in privity with prior defendants (the Law Office of Les Zieve is the substituted foreclosure trustee in lieu of Old Republic National Title Insurance Company), and the Complaint

— 1 —

1   here seeks the same relief as the prior action—damages and injunctive relief to stop foreclosure

2   proceedings.

3          In addition to being barred by res judicata, Plaintiff's claims for Violations of the Rosenthal

4   Fair Debt Collection Practices Act (the "RFDCPA"), Slander of Title, Violations of the Homeowners'

5   Bill of Rights ("HBOR"), and Violation of Business and Professions Code § 17200 (the "UCL") also

6   independently fail because Plaintiff fails to allege facts in support of these claims.

7          For these reasons and the reasons below, Shellpoint respectfully requests that the Court

8   dismiss Plaintiff's Complaint without leave to amend.

9   **II.     SUMMARY OF ALLEGATIONS AND PROCEDURAL BACKGROUND**

10         **A.     The Loan**

11         On or about December 10, 2004, Plaintiff obtained a $544,000.00 refinance loan from

12   American's Wholesale Lender secured by a Deed of Trust recorded against real property located at

13   131 Sutphen St., Santa Cruz, CA  95060-1939 (the "Property").  [Dkt. 1-1 at ¶ 1; RJN Ex. A.]

14         Plaintiff alleges that she made a request to rescind the loan on or about July 13, 2007.  [Dkt.

15   1-1 at ¶ 17, Ex. 12.]  There are no allegations that Plaintiff returned the $544,000.00 loan, is willing

16   to tender the loan balance, or that the loan was actually rescinded.  The Property has not been sold.

17         **B.     Plaintiff's Bankruptcy Petition and Adversary Proceeding**

18         On November 12, 2010, Plaintiff filed a Chapter 7 Bankruptcy in this Court[1].  Plaintiff's

19   schedules listed the Property as owned in "Fee Simple" on her Schedule A; however, she listed the

20   debt as unsecured in Schedule F and did not list any lawsuit or related claims as an asset of her estate

21   in Schedule B.  [Dkt. 1-1 at Ex. 13; RJN, Ex. B.]  The trustee filed a no asset report and no notice of

22   assets was filed.  (RJN, Ex. C.)  On January 27, 2012, Plaintiff received a discharge and her case was

23   closed.  [Dkt. 1-1 at Ex. 13.]  Plaintiff alleges that, at that point, the Property was abandoned back to

24   Plaintiff and the purported refinancing debt was deemed unsecured and void by operation of law.

25   [Dkt. 1-1 at ¶ 24.]

26

27

28   ────────────────

[1] *In re Cox*, Bankr. N.D. Cal. Case No. 5:10-bk-61716.

NOTICE OF MOTION AND MOTION TO DISMISS

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1    On April 12, 2011, Plaintiff filed an adversary proceeding in the Bankruptcy Court as Case

2  No. 11-05106 against her lender and others[2].  In her adversary complaint, Plaintiff sought a

3  determination that her loan was an unsecured and discharged debt.  (RJN, Ex. D.)  The bankruptcy

4  court denied the claims and dismissed the action with prejudice holding:

> The claims for relief were not listed on the Debtors' bankruptcy schedules. While the trustee has filed a no-asset report … these claims are not as a result of the filing of that no-asset report, deemed to be abandoned to the Debtor. I agree with the Defendants' analysis of Bankruptcy Code Section 554 which is abandonment. Property not listed on the schedules is never administered and thus never abandoned. Since these claims arise from pre-petition events, … they are pre-petition claims which are property of the bankruptcy estate. Only the Chapter 7 trustee has standing to assert claims which are property of the bankruptcy estate. I also note for the record that the Court declined to sign the abandonment order submitted by the Debtor/the Plaintiff.  To the extent that these claims haven't been abandoned, only the Chapter 7 trustee has the authority to assert these claims, so on that ground, your client doesn't have standing if these claims haven't been abandoned.

(*Id.* at 4:25-5:20.)

### C.    Plaintiff's Federal Court Action

On May 20, 2015, Plaintiff filed a lawsuit in federal court challenging the loan and alleging claims against Shellpoint, Old Republic National Title Insurance Company ("ORNTIC"), and others for (1) Cancellation of instruments; (2) Slander of title; (3) Fraud; (4) Violation of the FDCPA and the Rosenthal Act; (5) Violation of Business & Professions Code § 17200; and (6) Violation of 42 U.S.C. § 1983[3] (the "Prior Action").  The Second Amended Complaint was premised on allegations that Plaintiff rescinded her loan in 2007 and, as a result, the defendants lacked any right to demand repayment or foreclose on the Property for her nonpayment.  (*Id.*, Ex. E.)

---

[2] *Cox v. America's Wholesale Lender, et al.*, Bankr. N.D. Cal., Case No. 11-05106
[3] *Cox v. Old Republic National Title Insurance Co.*, U.S. District Court – Northern District of California, Case No. 5:15-cv-02253-BLF.

NOTICE OF MOTION AND MOTION TO DISMISS

On August 8, 2016, the District Court rejected Plaintiff's arguments, granted defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for lack of standing, and entered judgment. (*Id.*, Exs. F, G.)  The Court explained that the claims belong to the Chapter 7 bankruptcy estate and only the trustee has standing to sue on those claims. (*Id.*)

On September 4, 2016, Plaintiff appealed to the Ninth Circuit Court of Appeals, which affirmed the District Court's judgment on November 19, 2018[4]. (*Id.*, Ex. H.)

On June 7, 2019, Plaintiff filed a Petition for a Writ of Certiorari to the U.S. Supreme Court that was denied on October 9, 2019[5]. (*Id.*, Ex. I.). On or around October 16, 2019, Plaintiff filed a Petition for Rehearing which the U.S. Supreme Court denied on November 18, 2019. (*Id.*, Ex. J.)

**D.     Plaintiff's Current Lawsuit and Defendants' Removal to Federal Court**

On May 8, 2020, Plaintiff filed this action in state court, and Shellpoint timely removed the action to this Court on July 2, 2020 on the basis of federal question jurisdiction.  In her Complaint, Plaintiff asserts claims against Shellpoint based on identical theories alleged in the Prior Action. Specifically, the crux of Plaintiff's Complaint is that because her loan allegedly was rescinded in 2007 and because she received a discharge in her bankruptcy case, defendants have no interest in the loan, lack authority to initiate foreclosure proceedings or foreclose, and have recorded invalid documents.  Based on these theories, Plaintiff brings claims against Shellpoint for Violation of the Rosenthal Act, Slander of Title, Violations of the HBOR, and Violation of the UCL.  [Dkt. 1-1.]

**E.     The Non-Judicial Foreclosure Proceedings**

On November 13, 2009, Mortgage Electronic Registration Systems, Inc., as nominee beneficiary under the Deed of Trust for the lender and its successors executed an Assignment of Deed of Trust and Substitution of Trustee evidencing (1) the assignment of the loan to The Bank of New York Mellon fka The Bank of New York as Trustee for The Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-02 Mortgage Pass-Through Certificates, Series 2005-02

[4] *Cox v. Old Republic National Title Insurance Co*., U.S. Court of Appeals – Ninth Circuit, Case No. 16-16566.
[5] *Cox v. Old Republic National Title Insurance Co*., Supreme Court of the United States, Case No. No. 18-1536.

NOTICE OF MOTION AND MOTION TO DISMISS

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

("BNYM") and (2) the substitution of ReconTrust Company, N.A. as foreclosure trustee. (RJN, Ex. K.)

On December 19, 2014, BNYM recorded a Substitution of Trustee whereby ORNTIC became the new trustee under the Deed of Trust. (*Id.*, Ex. L.) The Substitution of Trustee was executed by Shellpoint as servicer for BNYM. (*Id.*)

On December 19, 2014, ORNTIC, as trustee, recorded a Notice of Default and Election to Sell (the "2014 NOD"). (*Id.*, Ex. M.)

On January 31, 2020, the Law Offices of Les Zieve as "original trustee, substituted trustee, or acting as agent for the beneficiary or Trustee" recorded a Notice of Rescission of the 2014 NOD. [Dkt. 1-1 at Ex. 2.] Plaintiff lodges a host of challenges to the Notice of Rescission, primarily based on her contention that the loan was rescinded and therefore, defendants "lacked authority" to record the rescission because Zieve was not the original or substituted trustee and could not act as agent for the beneficiary or trustee of a rescinded loan. [Dkt. 1-1, ¶ 24.]

On February 3, 2020, BNYM substituted ZBS Law, LLP as the trustee under the Deed of Trust. [Dkt. 1-1 at Ex. 3.] The Substitution of Trustee was executed by Shellpoint as servicer for BNYM. As with her challenge to the Notice of Rescission, Plaintiff contends that the Substitution of Trustee is invalid because there was no longer any loan, due to her 2007 TILA rescission, and correspondingly, there could not be a beneficiary or foreclosure trustee under a "void" instrument. [Dkt. 1-1, ¶ 30.]

On February 25, 2020, ZBS Law, LLP as trustee recorded a Notice of Default and Election to Sell (the "2020 NOD"). [Dkt. 1-1 at Ex. 5.] As with the other recorded instruments, Plaintiff challenges the 2020 NOD claiming that because her loan was rescinded, there was not any loan on which there could be any default.

## III.   STANDARD OF REVIEW

Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). A Rule 12(b)(6) motion's purpose is "to allow the court to eliminate actions that are fatally flawed in their

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009).  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.*  Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not survive a motion to dismiss.  *Id.* at 1949; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F. 3d 962, 969 (9th Cir. 2009).  When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice.  *Dumas v. Kipp*, 90 F. 3d 386, 393 (9th Cir. 1996).

## IV.     RES JUDICATA AND COLLATERAL ESTOPPEL BAR PLAINTIFF'S ATTEMPT TO RELITIGATE CLAIMS AND ISSUES THIS COURT HAS ALREADY DECIDED

In the Prior Action, this Court already found that Plaintiff lacks standing to allege any claim that accrued pre-petition because those claims remain property of the bankruptcy estate.  Only the Chapter 7 trustee, rather than Plaintiff, has standing to bring those claims.  (RJN, Ex. F.)  *See also, In re Lopez*, 283 B.R. 22, 28 (9th Cir. BAP 2002) ("the Action became property of the bankruptcy estate as of the Petition Date, even though the Action was not listed in the schedules, and property that is neither abandoned nor administered remains property of the estate even after the case is closed.").  The Court also found that "the same result follows" for all claims "related to" Plaintiff's allegations that her actions in 2007 rescinded her loan*. Id.; see also, Cusano v. Klein*, 264 F.3d 936, 947-48 (9th Cir. 2001) (debtor "cannot avoid disclosing on his bankruptcy schedules a claim for an unpaid royalties balance, …simply because this claim does not accrue for statute of limitations purposes until the royalties dry up or payment is refused.")

The doctrine of res judicata, or claim preclusion, prohibits the re-litigation of any claims that were raised or could have been raised in a prior action.  *Tahoe-Sierra Pres. Council v. Tahoe Reg'l*

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1    *Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).  Under the related doctrine of collateral

2    estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision

3    may preclude relitigation of the issue in a suit on a different cause of action involving a party to the

4    first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  As the Supreme Court has recognized, "res

5    judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve

6    judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."

7    *Id*.

8    **A.      Res Judicata Bars Relitigation of Claims Previously Litigated by Plaintiff**

9          Three elements must be present in order for res judicata to apply: (1) an identity of claims;

10   (2) a final judgment on the merits; and (3) the same parties or their privies.  *Allen*, 449 U.S. at 94.

11         Here, all three elements for res judicata are easily met.  Thus, Plaintiff's claims against

12   Shellpoint are barred and should be dismissed without leave to amend.

13         *1.  There Is Identity and Privity Between the Parties of Both Lawsuits*

14         The party against whom res judicata is asserted must have been a "party or in privity with a

15   party at the first proceeding." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th

16   Cir. 2006) (citation omitted).  Plaintiff is the same here as in the Original Action.  In addition,

17   Shellpoint was named as a defendant then and is a defendant now.  Thus, there is complete identity.

18         Further, there is privity with the Zieve Parties even though they were not named in Plaintiff's

19   Prior Action.  The Zieve Parties are the substituted foreclosure trustee in place and stead of ORNTIC

20   (who was sued in its capacity as foreclosure trustee in the Prior Action).  *See Lee v. Thornburg*

21   *Mortg. Home Loans Inc.*, No. 14-CV-00602 NC, 2014 WL 4953966, at *5 (N.D. Cal. Sept. 29,

22   2014) ("[E]ven when the parties are not identical, privity may exist if 'there is 'substantial identity'

23   between parties, that is, when there is sufficient commonality of interest.' (citations).  Privity

24   between parties exists when a party is 'so identified in interest with a party to former litigation that

25   he represents precisely the same right in respect to the subject matter involved.'")

26         *2.  Both Lawsuits Involve Substantially Identical Claims*

27         The underlying basis for the claims asserted in this action were already asserted and decided

28   in the Prior Action.  The "true inquiry" for res judicata purposes is whether the "claims arose from

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— 7 —

the same transactional nucleus of facts." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011); *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) (where claims arise out of the "same transactional nucleus of facts" res judicata may apply even if actions present different legal claims). "In most cases, the inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first action." *Id.* "[W]here claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Id.*

Here, there is an identity of claims between the two lawsuits. As in the Prior Action, the core of Plaintiff's dispute in this case rests on her claim that the "purported Security interest … were rescinded as a matter of law in July 2007", "any remaining purported debt was scheduled in Ms. Cox's 2010 Ch. 7 bankruptcy as unsecured,…and therefore, if any actually remained after the Rescission, was discharged along with all other unsecured purported debt…" and consequently Shellpoint lacks authority to foreclose or record any nonjudicial foreclosure documents. [Dkt. 1-1 at ¶¶ 23-24, 27, 30-32; *cf* RJN, Ex. E, ¶¶ 33-37.] Indeed, Plaintiff alleged in the Prior Action that:

> Defendants are wrongfully and unlawfully pursuing foreclosure on Plaintiff's Property in an attempt to collect a purported debt which no longer exists. Plaintiff's Rescission in 2007 rendered any related debt at best, unsecured and was properly listed as such in Plaintiff's 2010 Ch. 7 and related bankruptcy schedules. Therefore, as a result of the lack of any proof of claim being filed, any challenge or opposition whatsoever to the purported debt being scheduled as unsecured, any such debt was not administered by the trustee, judicially discharged and extinguished as a matter of law pursuant to Court Order when the bankruptcy closed in 2012 along with all other unsecured debt. Because the security was rendered void pursuant to the Rescission, there was no remaining lien to ride through bankruptcy.

(RJN, Ex. E, ¶ 4.). Stated differently, both lawsuits are based on and arise out of the same transactional nucleus of facts—the Property, Plaintiff's loan, the same Deed of Trust, nonjudicial foreclosure efforts by Plaintiff's loan servicer, and, critically, the effect of Plaintiff's alleged rescission and bankruptcy discharge on the loan and the deed of trust. Although Plaintiff has raised

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— 8 —

additional frivolous claims in this lawsuit, what controls is that Plaintiff raised the theory upon which the claims are based in the Prior Action.

### 3.   The Prior Action Resulted in a Final Judgment on The Merits

Finally, the August 8, 2016 Judgment in the Prior Action was a final judgment on the merits against Plaintiff.  (RJN, Ex. G.)  *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) ("final judgment on the merits" is synonymous with "dismissal with prejudice.") (citations omitted); *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) ("[I]n federal courts, a district court judgment is 'final' for purposes of *res judicata.*") (citation and quotation marks omitted).

Accordingly, all three requirements of res judicata are satisfied.

### B.   Collateral Estoppel Bars Relitigation of Issues Previously Litigated by Plaintiff

"[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen*, 449 U.S. at 94.  A party invoking issue preclusion must show that: (1) the issue at stake is identical to an issue raised in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.  *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992).

Here, the elements of collateral estoppel are clearly met because Plaintiff and Shellpoint were both parties to the Prior Litigation in which this Court determined that Plaintiff lacks standing to asserts claims related to her purported TILA rescission in light of the fact that such claims were not scheduled in her Chapter 7 bankruptcy and not abandoned by the Chapter 7 trustee.  (RJN, Ex. G.) Plaintiff unsuccessfully challenged that determination through briefing, argument, and evidence before the Court's entry of judgment.  The judgment was also affirmed on appeal.  Plaintiff, therefore, actually litigated this issue.  *See Janjua v. Neufeld*, Case No. 15-cv-05475-EMC, 2017 WL 2876116, at *10 (N.D. Cal. July 6, 2017) (actually litigated means that the issue was "contested by the parties and submitted for determination by the court") (quotation omitted). The district court's determination was necessary and critical to the resolution of the Prior Action and resulted in the

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

NOTICE OF MOTION AND MOTION TO DISMISS

judgment in favor of Shellpoint and others.   Therefore, any challenge to the validity of the loan and foreclosure proceedings on the Property based on the rescission theory is precluded.

The Court should therefore dismiss this action with prejudice because Plaintiff's claims are barred by both res judicata and collateral estoppel principles.

## V.     AS THIS COURT ALREADY FOUND, PLAINTIFF LACKS STANDING TO BRING HER CLAIMS

Any pre-petition claim that Plaintiff has regarding the Property would have been property of her bankruptcy estate and Plaintiff is now precluded from bringing such claims.  Specifically, "when [an individual] declare[s] bankruptcy, all the 'legal or equitable interests,' he had in his property became the property of the bankruptcy estate and are represented by the bankruptcy trustee." *Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004) (quoting 11 U.S.C. § 541(a)(1)).  "Causes of action are among such legal or equitable interests." *Id*. at 1226 (citing *Sierra Switchboard Co. v. Westinghouse Elec. Corp*., 789 F.2d 705, 707 (9th Cir.1986)); *see also In re Polis*, 217 F.3d 899, 901 (7th Cir. 2000) (finding that estate property includes TILA claim).

Unless the bankruptcy court orders otherwise, property of the estate that is not abandoned or administered remains property of the estate.  11 U.S.C. § 554(d).  To be either abandoned or administered, property must be properly scheduled.  *Id*. 11 U.S.C. §§ 554(c), 521(1); *see also Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir. 1991) (unless formally scheduled, property is not abandoned at the close of the estate, even if the trustee knew of the existence of the property when the case closed).

Here, Plaintiff failed to properly schedule her claims relating to her alleged TILA rescission as assets in her Bankruptcy Schedules although they existed at the time of filing.  Plaintiff filed her Chapter 7 bankruptcy case on November 12, 2010.  As the Bankruptcy Court determined, Plaintiff's claims arose out of pre-petition loans and are property of the estate.  (RJN, Ex. D.)  Property of the estate that is not abandoned or administered in the case remains property of the estate.  11 U.S.C. §554(d).  The Chapter 7 trustee did not abandon or administer the asset, and Plaintiff's motion to force abandonment was denied.  (RJN, Ex. D.)  With respect to actions that are property of the

YUI | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1    estate, the Chapter 7 trustee is the real party in interest, and Plaintiff lacks standing to pursue the

2    claims on her own.  *In re Lopez*, 283 B.R. at 28.

3          Significantly, "[c]auses of action are separate assets which must be formally listed."  *Cusano*,

4    264 F.3d at 947 (citing *Vreugdenhill*, 950 F.2d at 526).  "Simply listing the underlying asset [or

5    liability] out of which the cause of action arises is not sufficient."  *Id*.  Thus, regardless of whether

6    Plaintiff scheduled her debt properly, she failed to schedule any related claims as assets.  To the

7    extent Plaintiff had any claims stemming from or related to the alleged rescission, they existed

8    before Plaintiff filed her bankruptcy petition in 2010.

9          Thus, because each of Plaintiff's claims is predicated, in whole or in part, on allegations that

10   the loan was rescinded in 2007, her Complaint fails as a matter of law.

11   **VI.    PLAINTIFF'S CHALLENGES TO THE NON-JUDICIAL FORECLOSURE**

12   **DOCUMENTS IS WITHOUT MERIT**

13         Plaintiff's challenge to Shellpoint's authority to foreclose and record the various non-judicial

14   foreclosure documents is unsupported by the Deed of Trust and the non-judicial foreclosure statutory

15   scheme.  At the outset, case law is well settled that Plaintiff lacks standing to challenge defendants'

16   right to foreclose before a foreclosure sale has occurred.  *See, e.g., Jenkins v. JP Morgan Chase*

17   *Bank, N.A.*, 216 Cal. App. 4th 497, 511 (2013) (noting "California courts have refused to delay the

18   nonjudicial foreclosure process by allowing . . . preemptive judicial actions to challenge the right,

19   power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue

20   foreclosure.").  A plaintiff is not permitted to bring a claim simply to determine whether the person

21   initiating foreclosure is authorized.  *See Robinson v. Countrywide Home Loans, Inc.,* 199 Cal. App.

22   4th 42, 46, 46 n.5 (2011) (nonjudicial foreclosure system does not allow plaintiffs to bring

23   preemptive suit to challenge standing of entity to initiate foreclosure, but noting that borrower can

24   seek to enjoin trustee's sale or set aside sale).

25         Further, under the Deed of Trust, the beneficiary is entitled to assign the Deed of Trust to any

26   other entity, without notice to Plaintiff.  (RJN, Ex. A at ¶ 20 - lender may transfer the Deed of Trust

27   "one or more times without notice to Borrower".)  Accordingly, MERS properly recorded the

28   November 13, 2009 Assignment of Deed of Trust in favor of BNYM.  (RJN, Ex. K.)  As the

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— 11 —

beneficiary of the Deed of Trust, BNYM was authorized to substitute ReconTrust as trustee in place of CTC Real Estate Services.  Cal. Civ. Code § 2934a(a)(1).  Moreover, Paragraph 24 of the Deed of Trust, provides: "Lender, at its option, may from time to time appoint a successor trustee …"  [Dkt. 1-1 at ¶ 24.]

On January 31, 2020, the Law Offices of Les Zieve as "original trustee, substituted trustee, or acting as agent for the beneficiary or Trustee" recorded a Notice of Rescission of the 2014 NOD.  [Dkt. 1-1 at Ex. 2.]

As the beneficiary of the Deed of Trust, BNYM properly substituted ZBS Law, LLP as the trustee under the Deed of Trust.  [Dkt. 1-1 at Ex. 3.]

On February 25, 2020, ZBS Law, LLP as the current trustee properly recorded the 2020 NOD.  [Dkt. 1-1 at Ex. 5.]  *See* Civ. Code § 2924(a)(l) (The "trustee, mortgagee, or beneficiary, or any of their authorized agents‖ initiate the nonjudicial foreclosure process by filing a notice of default.").

While Plaintiff challenges the Notice of Rescission, Substitution of Trustee, and 2020 NOD on the grounds that they are void because Plaintiff rescinded her loan, and correspondingly, there could not be a beneficiary, loan servicer, or foreclosure trustee under a "void" instrument, Plaintiff is unable to maintain any claims based on her rescission theory for the reasons discussed above. Accordingly, in addition to lacking standing to challenge the nonjudicial foreclosure process, Plaintiff's claims fail because these judicially noticeable documents show that Shellpoint's initiation of foreclosure proceedings on the Property is improper as a matter of law.

## VII.   PLAINTIFF'S CLAIMS INDEPENDENTLY FAIL

### A.   Plaintiff's First Claim for Violation of the RFDCPA Fails

Relying on her rescission theory, Plaintiff alleges that Shellpoint violated the RFDCPA by attempting to collect on a debt that "does not exist."  [Dkt. 1-1 at ¶ 54.]  Specifically, Plaintiff contends that Shellpoint sent her account statements and recorded non-judicial foreclosure documents despite the fact that the debt is no longer valid.[6]  Plaintiff's RFDCPA claim is thus

---

[6] To the extent Plaintiff also alludes to Shellpoint's alleged attempts to collect on a debt "even though discharged" [Dkt. 1-1 at ¶ 61], Plaintiff is prohibited from using a RFDCPA cause of

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1    primarily predicated on Shellpoint's attempts to foreclose on the property. However, "the law is

2    clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the

3    meaning of the RFDCPA or the FDCPA." *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d

4    1183, 1200 (E.D. Cal. 2010) (The "law is clear that foreclosing on a deed of trust does not invoke

5    the statutory protections of the RFDCPA.").

6            To state a RFDCPA claim, a plaintiff is required to show that the defendant engaged in "debt

7    collection" activity. *See, e.g.*, Cal. Civ. Code § 1788.13 (relating to misrepresentations in

8    communications, stating "[n]o debt collector shall collect or attempt to collect a consumer debt by

9    means of the following practices…"). Importantly, RFDCPA claims must be pled with factual detail

10   as to the alleged debt collection activity so that a defendant can appropriately respond to those

11   claims. *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1027 (N.D. Cal. 2006) (dismissing

12   RFDCPA claim because "plaintiffs' allegations, … are too vague to give rise to any inference that a

13   specific defendant has violated the RFDCPA.").

14           Plaintiff's claim initially fails because it is well-settled within the Ninth Circuit that non-

15   judicial foreclosure activity and conduct undertaken in the course of enforcing a loan secured by

16   residential property is not actionable under the RFDCPA. *See Gamboa v. Trustee Corps.*, No. 09-

17   0007 SC, 2009 WL 656285, at *4 (N.D. Cal. Mar. 12, 2009) ("[T]he law is clear that foreclosing on

18   a property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA or

19   the [FDCPA]."); *Izenberg v. ETS Servs.*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ("Because

20   foreclosure does not constitute debt collection under the RFDCPA, it does not appear that plaintiff

21   can cure this deficiency."); *Padayachi v. Indymac Bank*, 2010 WL 1460309, at *6 (N.D. Cal. Apr. 9,

22   2010) ("numerous courts have held that foreclosure on a deed of trust does not trigger the protections

23   of the Rosenthal Act").

24

25

26   action as a remedy for any alleged violation of the bankruptcy code. *See Fitzgerald v. Bosco Credit,*
     *LLC*, 2017 WL 3602482 at *7, 10 (N.D. Cal. August 21, 2017). In *Fitzgerald*, the court dismissed
27   the plaintiff's claim that a lender violated the RFDCPA by attempting to collect accrued interest and
28   fees on a mortgage loan after obtaining a Chapter 7 discharge. *Id.* *10.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— 13 —

YU I | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Moreover, while Plaintiff lists a number of subsections of the RFDCPA that Shellpoint supposedly violated, Plaintiff has failed to allege any facts supporting her claim.  For example, Plaintiff alleges that Shellpoint mailed statements to the Property "where they [sic] knew she did not live" in violation of, *inter alia,* Section 1788.10(c).  [Dkt. 1-1 at - ¶ 60(b).]  Section 1788.10(c) prohibits "[t]he communication of, or threat to communicate to any person the fact that a debtor has engaged in conduct, other than the failure to pay a consumer debt, which the debt collector knows or has reason to believe will defame the debtor."  Cal. Civ. Code § 1788.10.  But Plaintiff fails to allege that she ever *advised* Shellpoint that she did not live at the Property, let alone that she did not want statements mailed there.  Plaintiff also fails to allege when, how or what Shellpoint communicated to any third party about Plaintiff that was defamatory, or how the mailing of the statements possibly violated subsection (c).

Plaintiff also alleges that Shellpoint mailed statements to her despite knowing she was represented by counsel.  [Dkt. 1-1 at ¶ 60(c).]  Again though, Plaintiff does not allege she ever requested Shellpoint to send statements to her counsel and, in any event, does not elaborate on how mailing the statements to her violated any of the sections listed in her Complaint, i.e. "Cal. Civ. Code §§ 1788.10(f); 1788.13(e) and (j); 1788.14(a), (b), (c) and (d) et seq.; 1788.17 and 1788.30." [*Id.*]  For example, Section 1788.13(j) prohibits "[t]he false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made."  Cal. Civ. Code § 1788.13.  Plaintiff does not explain how mailing a statement to her, instead of her counsel, violates this section.  The same is true for the remainder of the supposed violations Plaintiff lists in Paragraph 60 of her Complaint.

In sum, the Complaint is premised on Shellpoint's purportedly improper conduct in commencing foreclosure activity following Plaintiff's default on her loan despite Plaintiff's incorrect belief that she rescinded her loan.  Thus, as a matter of law, Plaintiff cannot state any RFDCPA claim because foreclosure activity does not amount to "debt collection."  Plaintiff has not plausibly alleged any debt collection activity separate from the alleged foreclosure activity.  To the extent this claim is based on an alleged misrepresentation of a debt that Plaintiff claims she does not owe by virtue of the 2007 rescission, as explained above, such a claim is barred by res judicata and Plaintiff lacks

— 14 —

1   standing to assert such a claim.  Accordingly, this claim fails as a matter of law and should be

2   dismissed.

3        **B.**     **Plaintiff's Third Claim for Slander of Title Fails**

4        Without identifying any false or disparaging statements in any of the documents, Plaintiff

5   alleges that the Notice of Rescission, Substitution of Trustee, and 2020 NOD have slandered her title

6   to the Property.  [Dkt. 1-1 at ¶ 67.]  To state a claim for slander of title, Plaintiff must allege: (1) a

7   publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss.  *Sumner*

8   *Hill Homeowners' Ass'n Inc. v. Rio Mesa Holdings, LLC*, 205 Cal. App. 4th 999, 1030 (2012).  A

9   disparaging statement is one intended to cast doubt on the existence or extent of one's interest in the

10  property.  *Glass v. Gulf Oil Corp.*, 12 Cal. App. 3d 412, 423 (1970).  Plaintiff fails to allege the

11  elements of her claim.

12       *1.*   *The Non-Judicial Foreclosure Documents Do Not Slander Plaintiff's Title and Are*

13           *Privileged Activity*

14       The recording of foreclosure notices is insufficient to support the cause of action because not

15  only do such notices make no claim to the Property and do not cast any doubt as to Plaintiff's

16  ownership interest, but also because publication and recording of the foreclosure notices is a

17  privileged activity under California law.  Cal. Civ. Code §§ 47, 2924(b), (d) ("the following shall

18  constitute privileged communications pursuant to Section 47: (1) The mailing, publication, and

19  delivery of notices as required by this section. (2) Performance of the procedures set forth in this

20  article.").

21       While Plaintiff conclusorily alleges that Shellpoint acted with malice, Plaintiff's formulaic

22  recitation of an element of the claim, devoid of any factual elaboration, does not suffice.  *See,*

23  *Ashcroft*, 556 U.S. at 678.  "Malice is defined as actual malice, meaning —that the publication was

24  motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked

25  reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard

26  of the plaintiff's rights."  *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008).

27       *2.*  *Plaintiff Does Not Identify Any False Statements*

28

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1    Plaintiff's claim also fails because Plaintiff cannot allege that Shellpoint made a false

2    publication.  Plaintiff's claim for slander of title is based on a combination of the legal theories

3    refuted above, including that Shellpoint lacks authority to record such documents because the loan

4    was rescinded.  However, as discussed above, Plaintiff is unable to maintain any claim related to the

5    rescission theory.  Similarly, the bankruptcy discharge does not affect Shellpoint's right to foreclose

6    even though Plaintiff is no longer personally liable on the Note.

7            3.   *Plaintiff Has Not Alleged Any Pecuniary Loss*

8            Finally, Plaintiff's claim fails because she has not alleged that she suffered pecuniary loss as

9    a direct result of the publication of any statement by Shellpoint.  Instead, Plaintiff cursorily alleges

10   that "Defendants have caused Ms. Cox to incur attorneys' fees and litigation costs and the severe

11   emotional distress complained of herein."[7]  [Dkt. 1-1 at ¶ 67.]  A direct pecuniary loss is restricted

12   to: (a) the pecuniary loss that results directly and immediately from the effect of the conduct of third

13   persons, including impairment of vendibility or value caused by disparagement, and (b) the expense

14   of measures reasonably necessary to counteract the publication, including litigation to remove the

15   doubt cast upon vendibility or value by disparagement.  *Ryan v. Editions Ltd. W., Inc*., No. C–06–

16   4812–PVT, 2007 WL 4577867, at *12 (N.D. Cal. Dec. 27, 2007) (*quoting Appel v. Burman*, 159

17   Cal. App. 3d 1209, 1215 (1984); Rest. 3d Torts § 633).  But attorneys' fees incurred in a slander of

18   title action in and of themselves are not a pecuniary loss.  *Id*. ("…fees incurred in prosecuting a

19   slander of title action are not [recoverable]".); *Mena v. JP Morgan Chase Bank, N.A*., 12-1257 PSG,

20   2013 WL 150716 (N.D. Cal. Jan. 14, 2013) (dismissing similar slander of title claim for failure to

21   properly allege pecuniary harm based on attorneys' fees incurred in bringing slander of title action);

22   *Nguyen v. JP Morgan Chase Bank, N.A*., CV12-04183, 2012 WL 4942816 PSG (N.D. Cal. Oct. 17,

23   2012) (same).

24           Because Plaintiff fails to allege in her Complaint that she suffered any direct harm in the

25   form of impaired vendibility, it follows that she has failed to properly allege that she suffered any

26

27   [7] Not only does Plaintiff fail to allege any facts in the Complaint supporting her alleged emotional
     distress but, in any event, a plaintiff may not recover damages for emotional distress.  *Earp v.
28   Nobmann*, 122 Cal. App. 3d 270, 287 (1981); *Seeley v. Seymour,* 190 Cal. App. 3d 844, 865 (1987).

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— 16 —

1    indirect harm in the form of attorneys' fees to clear doubt regarding vendibility.  Instead, the

2    recorded documents demonstrate that Plaintiff obtained the loan, defaulted, which default caused the

3    commencement of the foreclosure process.  Any damages Plaintiff claims to have suffered resulted

4    not from the recording of the foreclosure notices, but from the fact that Plaintiff decided to stop

5    making payments on the loan over a decade ago.  Plaintiff has not stated a claim for slander of title.

6           **C.     Plaintiff's Fifth Claim for Violation of the HBOR Fails**

7           Plaintiff alleges a myriad of HBOR violations against Shellpoint, each integrally based on

8    her previously adjudicated theory that her loan was rescinded.  Specifically, Plaintiff alleges that

9    Shellpoint violated Cal. Civ. Code § 2923.5, 2923.55, 2932.5, 2924, 2924a(6), 2924.17, and 2934a

10   because the loan was rescinded and therefore, Shellpoint is "not the '... mortgage servicer, mortgage,

11   trustee, beneficiary, or authorized agent'", the Deed of Trust has been "extinguished", and Shellpoint

12   could not act on behalf, of or as agent of, the beneficiary of a non-existent debt.  [Dkt. 1-1 at ¶¶ 72-

13   73 – "the Rescission extinguished the DOT and therefore the existence of any trustee, mortgagee or

14   beneficiary…"]  As discussed throughout this Motion, though, Plaintiff is unable to maintain any

15   claim against Shellpoint related to her purported rescission.  Plaintiff's claim fails for several

16   additional reasons.

17           *1.   There is No Private Right of Action Under Section 2924(a)(6)*

18           Plaintiff cannot state a claim under Section 2924(a)(6) because she is not entitled to

19   injunctive relief based on that provision.  [Dkt. 1-1 at ¶ 74.]  Prior to a foreclosure sale as here, the

20   legislature authorized a private right of action to enjoin such a  sale where a lender violates only one

21   of nine specified statutory provisions.  Cal. Civ. Code §§ 2924.12(a)(1) & 2924.19(a)(1).  The

22   legislature, however, "did not provide for injunctive relief for a violation of section 2924(a)(6) [.]"

23   *Lucioni v. Bank of Am., N.A.*, 3 Cal. App. 5th 150, 158 (2016) ("[U]nder the text of the [statutes], a

24   foreclosure may be enjoined due to a material violation of the statutory provisions that the

25   Legislature has chosen to list, but not due to a violation of unlisted provisions.").  Accordingly,

26   "[b]ecause the legislature deliberately chose to authorize injunctive relief only for particular

27   violations it identified, but not for a violation of § 2924(a)(6), there is no private right of action for

28   injunctive relief or any other relief under § 2924(a)(6)" and Plaintiff's claim premised on a violation

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— 17 —

NOTICE OF MOTION AND MOTION TO DISMISS

1   of this section fails as a matter of law.  *Hinrichsen v. Bank of Am., N.A.*, No. 17-CV-0219 DMS

2   (RBB), 2017 WL 2992662, at *4 (S.D. Cal. July 14, 2017).

3            *2.   Plaintiff Cannot Maintain A Violation of Section 2932.5*

4            Case law is clear that Section 2932.5, which requires that an assignment of the beneficial

5   interest in a debt secured by real property must be recorded in order for the assignee to exercise the

6   power of sale, applies only to a mortgage and not to a deed of trust.  *Calvo v. HSBC Bank USA, N.A.*,

7   199 Cal. App. 4th 118 (2011).  Here, Plaintiff executed a deed of trust, not a mortgage, and therefore

8   Section 2932.5 is inapplicable and provides Plaintiff with no relief.

9            *3.   Plaintiff Fails to State A Claim Under Section 2924.17*

10            Plaintiff alleges that the Declaration of Due Diligence attached to the 2020 NOD violates

11   Section 2924.17 because it is "inaccurate" given the purported invalidity of the loan following her

12   rescission.  [Dkt. 1-1 at ¶ 75.]  Section 2924.17(a) provides that "[a] declaration recorded pursuant to

13   Section 2923.5 . . . a notice of default . . . assignment of a deed of trust . . . recorded by or on behalf

14   of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924 .

15   . . shall be accurate and complete and supported by competent and reliable evidence."  Civ. Code §

16   2924.17(a).  Further subdivision (b) states that "[b]efore recording or filing any of the documents

17   described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and

18   reliable evidence to substantiate the borrower's default and the right to foreclose, including the

19   borrower's loan status and loan information."  *Id.* at § 2924.17(b).

20            As detailed above, Plaintiff's claim that Shellpoint lacks authority to foreclose based on her

21   alleged rescission cannot support a violation of this Section 2924.17 as a matter of law.  Regardless,

22   a Declaration of Compliance was executed by Shellpoint and is attached to the NOD.  Plaintiff offers

23   no allegations to support any inference that Shellpoint failed to comply with its obligations in

24   preparing that Declaration prior to its recording.  Thus, the recorded 2020 NOD substantiates

25   Shellpoint's right to initiate foreclosure proceedings, contrary to Plaintiff's baseless suggestion

26   otherwise.

27

28

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— 18 —

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**D.     Plaintiff's Eighth Claim Fails to Allege A Violation of the UCL**

Plaintiff contends that Shellpoint violated the UCL in connection with the claims and theories alleged elsewhere in the Complaint.  As discussed below, Plaintiff's claim fails.

*1.   Plaintiff Lacks Standing to Assert A UCL Claim*

Standing under the UCL is established only where the plaintiff "has suffered injury in fact and has lost money or property" as a result of the alleged unfair practices.  Bus. & Prof. Code § 17204; *see R&B Auto Ctr., Inc. v. Farmers Group, Inc*., 140 Cal. App. 4th 327, 360 (2006) (plaintiff must have suffered monetary or property loss to recover under the UCL).  Here, Plaintiff has not alleged any facts to show that she suffered monetary or property loss as a result of Shellpoint's purported conduct.  Plaintiff merely alleges that she has been "harmed, injured and caused damages."  [Dkt. 1-1 at ¶ 98.]  But, Plaintiff has not alleged facts demonstrating that she suffered monetary loss.  Furthermore, Plaintiff cannot allege the loss of property because she still owns the Property despite her failure to make loan payments.  As Plaintiff lacks standing, her claim fails as a matter of law.

*2.   Plaintiff Fails to Allege Any Wrongful Conduct Under The UCL*

Plaintiff's UCL claim fails for yet another reason.  The UCL proscribes any unlawful, unfair, or fraudulent business practice.  Under the "fraudulent" prong, a plaintiff must show that "members of the public are likely to be 'deceived'" by the defendant's practices.  *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009).  Here, Plaintiff has neither alleged fraudulent conduct by Shellpoint nor the required actual reliance.

Under the "unfair" prong, a defendant's conduct must violate a public policy "tethered to specific constitutional, statutory, or regulatory provisions."  *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917, 940 (2003).  When "determining whether the challenged conduct is unfair within the meaning of the unfair competition law . . . , courts may not apply purely subjective notions of fairness."  *Id*. at 941.  A plaintiff's claim of unfair business practices must be "tethered" to some specific "constitutional, statutory, or regulatory provisions" to find an objective basis for determining whether the alleged conduct is unfair.  *Id*. at 940.  Plaintiff fails to successfully tether her UCL claim to violations of other statutes such as Civil Code §§ 1708, 1710, 11 U.S.C. §362, the

— 19 —

FDCPA, various sections of the Penal Code, and 17 C.F.R. § 240.10b-5 *et seq.* [Dkt. 1-1 at ¶¶ 93-97.] Plaintiff fails to state any facts in support of her claims, nor can she.

- Civil Code § 1708 provides that every person is bound, without contract, to abstain from injuring the person or property of another or infringing upon any of his or her rights. As discussed throughout this Motion, Plaintiff has not alleged facts demonstrating that Shellpoint injured or infringed upon her rights. In fact, Plaintiff continues to own the Property despite her default on the loan;

- Civil Code §1710 deals with fraud and deceit. As discussed above, Plaintiff fails to allege any fraud by Shellpoint.

- 11 U.S.C. §362 concerns the automatic stay imposed by a bankruptcy. Plaintiff fails to allege any violation of the bankruptcy stay by Shellpoint.

- Plaintiff alleges violations of the FDCPA, including "§§ 1692c(a)(2), (b) and (c), 1692d(1) and (4), 1692e(2), (5),(6),(10),(13) and (14), 1692f(1)(6)(A) and (C), 1692g(a)(b) …1692j, 1692" but fails to allege any specific conduct by Shellpoint that violates any of these statutes. Nor can she, to the extent her claim overlaps with her claim for alleged violations of the Rosenthal Act.

- Plaintiff has listed over a dozen Penal Code violations including, but not limited to § 115(a) [knowingly filing or recording a false or forged instrument]; §115.5(a) [knowingly recording a false or forged encumbrance on real property]; §471 [forgery]; §519 [extortion]; §532 [knowingly defrauding a person of money or property]; and §550 [submitting fraudulent insurance claims]. But Plaintiff offers no facts in support of the claimed violations.

Finally, under the "unlawful" prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under the UCL. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). A "violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). A plaintiff must plead facts to support the underlying statutory violations. *Id.* A claim for a UCL violation stands or falls depending on the fate of antecedent substantive causes of action. *See Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001). Here, other than heaping random statutes on top of each other in a disjointed laundry list having no connection to the facts of this case, Plaintiff has not pled facts showing a violation of any law in connection with her claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Simmons v. Aurora Bank FSB*, 2016 WL 192571, at *3 (N.D. Cal. Jan. 15, 2016), *citing Iqbal*, 129 S. Ct. at 1949. Moreover, "the

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— 20 —

court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

As examined, Plaintiff fails to allege any unlawful, unfair, or fraudulent conduct by Shellpoint.  Accordingly, Plaintiff cannot state any claim against Shellpoint under the UCL.

## VIII.   LEAVE TO AMEND SHOULD BE DENIED.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")  As demonstrated herein, Plaintiff's Complaint not only fails to state plausible claims in the manner required by FRCP 8, but to the extent the court decipher the meaning behind each claim, they are plainly barred by res judicata and because Plaintiff lacks standing to assert claims belonging to the bankruptcy trustee.  Furthermore, the legal effect of the recorded documents cannot be changed.  Plaintiff is unable to save her claims through amendment.  Since nothing can cure Plaintiff's defective claims, this Court can rightfully deny leave to amend.

## IX.   CONCLUSION

Based on the foregoing, Shellpoint respectfully requests that this Court grant its Motion to Dismiss this action in its entirety without leave to amend.

DATED:  July 9, 2020.

                                    YU | MOHANDESI LLP


                                    By___/s/ Neeru Jindal_____
                                         Pavel Ekmekchyan
                                         Neeru Jindal
                                         Attorneys for Defendant
                                         NewRez LLC dba Shellpoint Mortgage Servicing

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

YUI | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

# CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2020, I electronically filed the foregoing document(s) entitled:

- NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;

   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

with the Clerk of the Court at the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

I also served a copy of the above document(s) by U.S. Mail to:

Ronald H. Freshman, Esq., SBN #225136      Bradford E. Klein, Esq.

Law Offices of Ronald H. Freshman      ZBS Law, LLP

3040 Skycrest Drive      30 Corporate Park, Suite 450

Fallbrook, CA 92028      Irvine, CA 92606

*Counsel for Plaintiff*      *Counsel for The Law Offices of Les Zieve and Richard Mrozrek*

DATED:  July 9, 2020.

By   */s/ Neeru Jindal*
_____
Pavel Ekmekchyan
Neeru Jindal
Attorneys for Defendants
NewRez LLC dba Shellpoint Mortgage Servicing