**YU | MOHANDESI LLP**

**Pavel Ekmekchyan** (SBN 223222)
213.985.2007 | pavel@yumollp.com
**Neeru Jindal** (SBN 235082)
213.266.5459 | njindal@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
NewRez LLC dba Shellpoint Mortgage Servicing

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KIMBERLY COX,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LAW OFFICES OF LES ZIEVE, A PROFESSIONAL CORPORATION; RICHARD L. MROCZEK; NEWREZ LLC; QWENDENA ROBINSON; ALFONSO RAMIREZ; AND ALL PERSONS KNOWN OR UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT, ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD UPON PLAINTIFF S TITLE THERETO; AND DOES 1-100 INCLUSIVE,<br><br>　　　　　　Defendants. | Case No.: 5:20-cv-04418-SVK<br>Assigned to the Hon. Susan van Keulen<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　August 18, 2020<br>Time:　10:00 a.m.<br>Courtroom:　6, 4th Floor<br><br>[Filed concurrently with Notice of Motion and Motion to Dismiss Complaint; Memorandum of Points and Authorities; [Proposed] Order]<br><br>Complaint Filed: May 8, 2020<br>Date of Removal: July 2, 2020 |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Defendant NewRez LLC dba Shellpoint Mortgage Servicing ("Shellpoint") requests that the Court take judicial notice of the following Exhibits A – M, which are attached as exhibits hereto, in ruling on Shellpoint's concurrently filed Motion to Dismiss the Complaint of Plaintiff Kimberly Cox ("Plaintiff").

**Exhibit A**: Deed of Trust recorded in the Official Records of Santa Cruz County on December 21, 2004, as Document No. 2004-0089505.

**Exhibit B**: Bankruptcy Schedules filed by Plaintiff in the Northern District of California Bankruptcy Court, Case No. 5:10-bk-61716, entitled *In re Cox* ("Bankruptcy Case).

**Exhibit C**: Bankruptcy Trustee's Notice of No Assets filed in the Bankruptcy Case on January 27, 2012.

**Exhibit D**: Transcript of hearing on Motion to Dismiss in the U.S. Bankruptcy Court – Northern District of California, Case No. 11-05106, entitled *Cox v. America's Wholesale Lender, et al*.

**Exhibit E**: Second Amended Complaint filed by Plaintiff in the U.S. District Court – Northern District of California, Case, No. 5:15-cv-02253-BLF entitled *Cox v. Old Republic National Title Insurance Co*., (the "Prior Action").

**Exhibit F**: August 8, 2016 Order in the Prior Action.

**Exhibit G**: August 8, 2016 Judgment in the Prior Action.

**Exhibit H:** November 19, 2018 Memorandum filed in the U.S. Court of Appeals – Ninth Circuit, Case No. 16-16566, entitled *Cox v. Old Republic National Title Insurance Co*.

**Exhibit I**: October 7, 2019 Order filed in the Supreme Court of the United States, Case No. 18-1536, entitled *Cox v. Old Republic National Title Insurance Co*.

**Exhibit J**: November 18, 2019 Order filed in the Supreme Court of the United States, Case No. 18-1536, entitled *Cox v. Old Republic National Title Insurance Co*.

**Exhibit K**: Substitution of Trustee and Assignment of Deed of Trust recorded in the Official Records of Santa Cruz County on December 7, 2009, as Document No. 2009-0056700.

**Exhibit L**: Substitution of Trustee recorded in the Official Records of Santa Cruz County on December 19, 2014, as Document No. 2014-0043351.

**Exhibit M**: Notice of Default recorded in the Official Records of Santa Cruz County on December 19, 2014, as Document No. 2014-0043352.

Under Rule 201, a Court "may judicially notice a fact that is not subject to reasonable dispute because it:(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

The Court should take judicial notice of the exhibits attached hereto because their accuracy is not subject to reasonable dispute. *See, e.g.*, *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992). A court may also consider judicially noticed matters of public record. *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1077 (C.D. Cal. 2008); *Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) (court may take judicial notice of court files and records) (citing Fed. R. Evid. 201); *Tekle v. United States*, 2002 U.S. Dist. LEXIS 15500, 2002 WL 1988178 *3 (C.D. Cal. 2002) (court may take judicial notice of prior complaint with exhibits) (citing Fed. R. Evid. 201(b)), aff'd, 58 Fed. Appx. 768 (9th Cir. 2003); *Egan v. Teets*, 251 F.2d 571, 577 n. 10 (9th Cir. 1957) (court was entitled to take judicial notice of proceedings involving same petitioner before same district court).

The same rule applies to filings in a bankruptcy court. *In re Applin*, 108 B.R. 253 (Bankr. E.D. Cal. 1989) (judicial notice of filings in a bankruptcy case is permissible to fill in gaps in the evidentiary record of a specific adversary proceeding or contested matter).

Furthermore, courts commonly take judicial notice of deeds of trust and similar instruments. *See, e.g.*, *Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F. Supp. 2d 1034, 1036 n.1 (C.D. Cal. 2008); *Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp.

2d 972, 977-78 (N.D. Cal. 2005).

     Accordingly, the Court should take judicial notice of Exhibits A-M.

DATED:  July 9, 2020.

                                              YU | MOHANDESI LLP

                                    By  */s/ Neeru Jindal*
                                        Pavel Ekmekchyan
                                        Neeru Jindal
                                        Attorneys for Defendant
                                        NewRez LLC dba Shellpoint Mortgage Servicing

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

# CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2020, I electronically filed the foregoing document(s) entitled:

- REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

with the Clerk of the Court at the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

I also served a copy of the above document(s) by U.S. Mail to:

| | |
|---|---|
| Ronald H. Freshman, Esq., SBN #225136 | Bradford E. Klein, Esq. |
| Law Offices of Ronald H. Freshman | ZBS Law, LLP |
| 3040 Skycrest Drive | 30 Corporate Park, Suite 450 |
| Fallbrook, CA 92028 | Irvine, CA 92606 |
| *Counsel for Plaintiff* | *Counsel for The Law Offices of Les Zieve* |

DATED:  July 9, 2020.

By  */s/ Neeru Jindal*
Pavel Ekmekchyan
Neeru Jindal
Attorneys for Defendants
NewRez LLC dba Shellpoint Mortgage Servicing