EXHIBIT D

```
                    UNITED STATES BANKRUPTCY COURT

                    NORTHERN DISTRICT OF CALIFORNIA

                           (SAN JOSE DIVISION)


In re:

KIMBERLY COX and                          Case No. 10-61716
AMERICA'S WHOLESALE LENDER,
                                          Chapter 7

                                          San Jose, California
                                          June 10, 2011
                                          3:04 p.m.
              Debtors.
_____/

KIMBERLY COX,

              Plaintiff,

     v.                                   A.P. No. 11-5106

AMERICA'S WHOLESALE LENDER, et al.,

              Defendants.
_____/


                    TRANSCRIPT OF PROCEEDINGS
   a) MOTION TO DISMISS ADVERSARY PROCEEDING FOR LACK OF
      STANDING, FOR LACK OF SUBJECT MATTER JURISDICTION,
      FOR ABSTENTION, AND FOR FAILURE TO STATE A CLAIM UPON
      WHICH RELIEF MAY BE GRANTED FILED BY
      AMERICA'S WHOLESALE LENDER
   b) OBJECTION AND OPPOSITION TO DEFENDANTS' MOTION
      TO DISMISS; PLAINTIFF'S COUNTER-MOTION TO STRIKE
      DEFENDANTS' MOTION TO DISMISS; COUNTER-MOTION FOR
      ENTRY OF DEFAULT AND DEFAULT JUDGMENT; AND DEFENDANTS'
      FAILURE TO COMPLY WITH FEDERAL RULE OF BANKRUPTCY
      PROCEDURE 7007.1(a) and (b) by KIMBERLY COX, PLAINTIFF


              BEFORE THE HONORABLE CHARLES NOVACK
                  UNITED STATES BANKRUPTCY JUDGE
```

UNITED STATES BANKRUPTCY COURT
Northern District of California
I certify that this is a true, correct and full copy
of the original document on file in my custody.
Dated 6/13/12
by [signature]
Deputy Clerk

2

```
 1  APPEARANCES:

 2  For the Plaintiff/           LAW OFFICES OF TIMOTHY Y. FONG
    Debtor:                      BY: TIMOTHY Y. FONG, ESQ.
 3                               3333 Bowers Avenue #130
                                 Santa Clara, California 95084
 4

 5
    For the Defendants:          SEVERSON and WERSON
 6                               BY: BERNARD KORNBERG, ESQ.
                                 1 Embarcadero Center, 26th Floor
 7                               San Francisco, California 94111

 8                               (APPEARING TELEPHONICALLY)

 9

10  Court Recorder:              KATIE ROSE
                                 UNITED STATES BANKRUPTCY COURT
11                               280 South First Street
                                 San Jose, California 95113
12

13
    Transcription Service:       Jo McCall
14                               Electronic Court
                                 Recording/Transcribing
15                               2868 E. Clifton Court
                                 Gilbert, Arizona 85295
16                               Telephone: (480) 361-3790

17

18

19

20

21

22

23

24

25
```

3

```
 1                    P R O C E E D I N G S
 2    June 10, 2011                              3:04 p.m
 3                           -oOo-
 4           THE CLERK: Item 7, Cox versus Recontrust Company.
 5           MR. KORNBERG: Bernard Kornberg for the moving
 6    party -- I'm sorry, for Defendants.
 7           MR. FONG: Timothy Y. Fong for Plaintiff Kimberly
 8    Cox.
 9           THE COURT: Okay.  Good afternoon counsel.  I
10    apologize for the delay here.  I've read all the briefs.
11    Is there anything else to be added here?
12           MR. FONG: Yeah, Your Honor, all I really have to
13    say is this is really a story of entities who cannot do
14    anything right.  This process has been shot through with
15    problems from the beginning.  Mr. Kornberg appears today
16    claiming that he's here on behalf of America's Wholesale
17    Lender and all of the Defendants, but we sued America's
18    Wholesale Lender, a New York corporation, which is the
19    entity that is in the deed of trust, and now we have
20    discovered -- and we have documented this with
21    affidavits -- that there was never an America's Wholesale
22    Lender, a New York corporation, at the inception of this
23    apparent deed of trust or supposed deed of trust and note.
24    So this is just an entire process that is shot through with
25    problems, and we've attempted to respond to Mr. Kornberg's
```

4

```
 1   moving papers, but they're so full of non-sequiturs, as
 2   again we've detailed in our reply, that it's difficult to
 3   know where to start with that, but it's just a process
 4   that's shot through with entities who can't do anything
 5   right here.
 6            MR. KORNBERG: Your Honor --
 7            THE COURT: I've read your briefs, Mr. Kornberg,
 8   so you don't need to respond.  I mean if you're going to
 9   repeat what you said in your briefs, you don't need to.
10            MR. KORNBERG: Yeah, all I was going to say is
11   that, you know, regardless of what he's saying, there's no
12   standing here, so it doesn't matter what authority I have
13   or had not to represent --
14            THE COURT: I understand.  Is the matter
15   submitted?
16            MR. KORNBERG: Yes, Your Honor.
17            THE COURT: Mr. Tim?
18            MR. FONG: Yes, Your Honor.
19            THE COURT: Okay.  This is the Defendants' motion
20   to dismiss this complaint under Federal Rule of Bankruptcy
21   Procedure 7012 on sever grounds, including that the
22   Plaintiff lacks standing; that the Court lacks subject
23   matter jurisdiction; and that the claims themselves fail to
24   state a claim for relief.  And this is an adversary
25   proceeding filed in a Chapter 7 case.  The claims for
```

5

1  relief were not listed on the Debtors' bankruptcy
2  schedules.
3       While the trustee has filed a no-asset report --
4  the Chapter 7 trustee has filed a no-asset report, these
5  claims are not as a result of the filing of that no-asset
6  report, deemed to be abandoned to the Debtor. I agree with
7  the Defendants' analysis of Bankruptcy Code Section 554
8  which is abandonment. Property not listed on the schedules
9  is never administered and thus never abandoned. Since
10 these claims arise from pre-petition events, Mr. Tim, they
11 are pre-petition claims which are property of the
12 bankruptcy estate. Only the Chapter 7 trustee has standing
13 to assert claims which are property of the bankruptcy
14 estate. I also note for the record that the Court declined
15 to sign the abandonment order submitted by the Debtor/the
16 Plaintiff.
17      So to the extent that these claims haven't been
18 abandoned, only the Chapter 7 trustee has the authority to
19 assert these claims, so on that ground, your client doesn't
20 have standing if these claims haven't been abandoned.
21      MR. FONG: Well, Your Honor, I would argue that --
22      THE COURT: Wait. Wait. Alternatively, even if
23 these claims had been abandoned by the Debtor, Defendants
24 correctly contend that this Court does not have -- or does
25 not intend to exercise subject matter jurisdiction over

6

1  these claims.  Bankruptcy Courts are courts of limited
2  jurisdiction.  I refer people to <u>Battle Ground Plaza versus</u>
3  <u>Ray</u>, 624 F3d, 1124, 9th Circuit (2010) as a good primer on
4  subject matter jurisdiction.  I have jurisdiction over
5  claims that arise in, arise under, or are related to the
6  bankruptcy case.  The claims at issue do not satisfy any of
7  these standards.

8       These claims do not arise in the bankruptcy case
9  because they are not administrative matters unique to the
10 Bankruptcy Code that have no independent existence outside
11 of bankruptcy.  So they don't arise in the case.  These
12 claims do not arise under the Bankruptcy Code because they
13 are not claims created by the Bankruptcy Code.  Instead,
14 they are claims originating in non-bankruptcy law, so they
15 don't arise under.

16      Finally, these claims are not related to the case
17 because this is a no-asset case as stated by the trustee
18 and not related in any way to the administration of this
19 case.  Once these claims are abandoned, the Debtor can go
20 about her life without any further supervision by the
21 Bankruptcy Court and I therefore intend to deny the motion.
22      Mr. Tim, you wanted to say something?
23      MR. FONG: Yes, Your Honor, the issue here is that
24 these claims did arise out of the bankruptcy because we had
25 submitted this debt as unsecured, and that's what created

7

1  this entire --
2           THE COURT: Mr. Tim, these claims predate the
3  filing of the bankruptcy. They predate the filing of the
4  bankruptcy. Their genesis predates the filing of this
5  bankruptcy. Therefore, they're pre-petition claims,
6  property of the bankruptcy estate. You may have filed this
7  adversary proceeding post-petition, but that doesn't change
8  the fundamental nature of these claims, which is they arose
9  before the bankruptcy filing, therefore they're pre-
10 petition claims. Therefore, they're property of the estate
11 and if the Debtor hasn't abandoned them, then the trustee
12 has standing. If the Debtor has abandoned them, the Court
13 doesn't have jurisdiction. So either way, the motion is
14 granted.
15          MR. FONG: Thank you, Your Honor.
16          THE COURT: And the Court will enter its own
17 order.
18          MR. KORNBERG. Thank you, Your Honor. Your
19 Honor?
20          THE COURT: Yes.
21          MR. KORNBERG: Is the status conference then also
22 going to be taken off calendar?
23          THE COURT: Yeah, I believe the status conference
24 is August; am I correct?
25          MR. KORNBERG: July 5th, I believe.

8

```
 1                THE COURT: July.  Yeah, that's off calendar.
 2                MR. KORNBERG: Thank you, Your Honor.
 3                THE CLERK; That concludes Item 7.
 4        (Whereupon, the proceedings are concluded at 3:10
 5   p.m.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

9

```
 1
 2
 3
 4                CERTIFICATE OF TRANSCRIBER
 5
 6
 7        I certify that the foregoing is a correct
 8   transcript from the digital sound recording of the
 9   proceedings in the above-entitled matter.
10
11   DATED: July 12, 2011
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Form TRANSAP

# UNITED STATES BANKRUPTCY COURT
## Northern District of California

| | |
|---|---|
| In Re:<br>Kimberly Cox and America's Wholesale Lender<br>Debtor(s) | Case No.: 10-61716<br>Chapter: 7 |
| Plaintiff(s)<br>Kimberly Cox<br>Kimberly Cox<br>vs.<br>America's Wholesale Lender et al.<br>Defendant(s) | Adversary Proceeding No. 11-05106 |

## NOTICE OF FILING OF TRANSCRIPT
## AND OF DEADLINES RELATED TO RESTRICTION AND REDACTION

A transcript of the proceeding held on June 10, 2011 was filed on Tuesday, July 12, 2011. The following deadlines apply:

The parties have Tuesday, July 19, 2011 to file with the court a Notice of Intent to Request Redaction of this transcript. The deadline for filing a request for redaction is Tuesday, August 2, 2011.

If a request for redaction is filed, the redacted transcript is due Friday, August 12, 2011.

If no such notice is filed, the transcript may be made available for remote electronic access upon expiration of the restriction period, which is Tuesday, October 11, 2011, unless extended by court order.

To review the transcript for redaction purposes, you may purchase a copy from the transcriber,

Jo McCall
Jo McCall Court Reporting
2868 East Clifton Court
Gilbert, AZ 85297

or you may view the document at the clerk's office public terminal.

Dated: 7/14/11

For the Court:

Gloria L. Franklin
Clerk of Court
United States Bankruptcy Court

## Notice Recipients

| | | |
|---|---|---|
| District/Off: 0971–5 | User: kdu | Date Created: 7/12/2011 |
| Case: 11–05106 | Form ID: TRANSAP | Total: 3 |

**Recipients of Notice of Electronic Filing:**
aty     Bernard Kornberg     bjk@severson.com
aty     Timothy Yett Suen Fong     tyfong919@gmail.com

TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
ust     Office of the U.S. Trustee / SJ     U.S. Federal Bldg.     280 S 1st St. #268     San Jose, CA 95113–3004

TOTAL: 1