EXHIBIT H

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMBERLY COX, | No. 16-16566 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-02253-BLF |
| v. | |
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY; NEW PENN FINANCIAL, LLC DBA SHELLPOINT MORTGAGE SERVICING; THE BANK OF NEW YORK MELLON CORPORATION AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS INC - CHL MORTGAGE PASS-THROUGH TRUST 2005-02; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 13, 2018\*\*
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and KORMAN,\*\*\* District Judge.

Kimberly Cox defaulted on a loan that was secured by a deed on her home in Santa Cruz. She filed for bankruptcy in 2010, and her debts were discharged in 2012. Defendant creditors and lenders later recorded default notices against Cox's home and a notice of trustee sale. Cox filed this lawsuit claiming the underlying home loan upon which she defaulted was either invalid or had been rescinded in 2007.

The district court concluded that Cox's unscheduled property-related claims became part of her bankruptcy estate, and dismissed Cox's complaint for lack of standing. The district court also denied Cox's motion for default and her motion for sanctions. Cox appeals. We affirm.

When a debtor declares bankruptcy, the debtor's "legal or equitable interests" in his or her property becomes part of the bankruptcy estate, to be represented by the bankruptcy trustee. *See* 11 U.S.C. § 541(a)(1); *see also Turner*

---

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

(3 of 9)

Case 5:20-cv-04418-SVK Document 6-8 Filed 07/09/20 Page 4 of 10
Case: 16-16566, 11/19/2018, ID: 11091904, DktEntry: 36-1, Page 3 of 14

*v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004). Legal and equitable interests include "[c]auses of action." *Turner*, 362 F.3d at 1226 (citing *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986)).

Each of Cox's causes of action relates to her legal or equitable interest in her real property. When Cox's bankruptcy petition was granted, her interest and all claims that derive from it became part of the bankruptcy estate. *See Stein v. United Artists Corp.*, 691 F.2d 885, 891 (9th Cir. 1982) (undisclosed property becomes part of the bankruptcy estate and a debtor cannot "withhold[] from his trustee all knowledge of certain property") (quoting *First Nat'l Bank v. Lasater*, 196 U.S. 115, 119 (1905)). Only the bankruptcy trustee has standing to bring these claims. The district court correctly dismissed plaintiff's complaint with prejudice and granted judgment for defendants.

Because Cox lacked standing to sue, the district court lacked subject-matter jurisdiction over this lawsuit. *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Accordingly, the district court correctly denied Cox's motion for default.

Cox sought sanctions because two corporate defendants' names were spelled differently on certain filings ("Old Republic Default Management Services" instead of "Old Republic National Title Insurance"; and "BONY" instead of

3

Case 5:20-cv-04418-SVK Document 6-8 Filed 07/09/20 Page 5 of 10
Case: 16-16566, 11/19/2018, ID: 11091904, DktEntry: 38-1, Page 4 of 4

(4 of 9)

"BONYMCorp"). This is not the abusive misconduct that Rule 11 was designed to prevent. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The district court did not abuse its discretion when it denied Cox's motion for Rule 11 sanctions.

On appeal, Cox moves for additional sanctions. Cox has not identified any sanctionable misconduct. We therefore deny her motions for sanctions.

Cox also filed two requests for judicial notice. Because neither request, if granted, would change our conclusions above, both requests are denied as moot.

## Conclusion

The judgment of the district court is AFFIRMED. The district court's orders denying Cox's motions for default and sanctions are AFFIRMED. Cox's pending motions for sanctions and for judicial notice are DENIED.

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1) A. **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ▶ A material point of fact or law was overlooked in the decision;
  ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B. **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

(7 of 9)

Case: 5:20-cv-04418-SVK Document 6-8 Filed 07/09/20 Page 8 of 10
Case: 16-16560, 11/19/2018, ID: 11091904, DktEntry: 56-2, Page 3 of 5

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

(8 of 9)

Case 5:20-cv-04418-SVK Document 6-8 Filed 07/09/20 Page 9 of 10
Case: 16-16586, 11/19/2018, ID: 11091904, DktEntry: 98-2, Page 4 of 5

**Form 10. Bill of Costs** ..................................................................................................................*(Rev. 12-1-09)*

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

This form is available as a fillable version at:
*http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf*.

*Note:* If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[_____] v. [_____]  9th Cir. No. [____]

The Clerk is requested to tax the following costs against: [_____]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED *(Each Column Must Be Completed)* | | | | ALLOWED *(To Be Completed by the Clerk)* | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | | | $ | $ | | | $ | $ |
| **Opening Brief** | | | $ | $ | | | $ | $ |
| **Answering Brief** | | | $ | $ | | | $ | $ |
| **Reply Brief** | | | $ | $ | | | $ | $ |
| **Other\*\*** | | | $ | $ | | | $ | $ |
| | | | **TOTAL:** | $ | | | **TOTAL:** | $ |

\* *Costs per page*: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other*: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page*

(9 of 9)

Case: 5:20-cv-04418-SVK Document 6-8 Filed 07/09/20 Page 10 of 10
Case: 16-16566, 11/19/2018, ID: 11091904, DktEntry: 98-2, Page 5 of 5

**Form 10. Bill of Costs -** *Continued*

I, [               ] , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [               ]

("s/" plus attorney's name if submitted electronically)

Date [     ]

Name of Counsel: [          ]

Attorney for: [               ]

_____

*(To Be Completed by the Clerk)*

Date [          ]        Costs are taxed in the amount of $ [     ]

Clerk of Court

By: [          ] , Deputy Clerk