EXHIBIT M

2014-0043352  Page 1 of 3

| | |
|---|---|
| | 2014-0043352          12/19/2014 11:05 AM |

RECORDING REQUESTED BY:

OFFICIAL RECORDS OF Santa Cruz County
Sean Saldavia Recorder

RECORDING FEE:  $24.00
COUNTY TAX:  $0.00
CITY TAX:  $0.00

WHEN RECORDED MAIL TO:
New Penn Financial, LLC d/b/a Shellpoint Mortgage Serv
55 BEATTIE PLACE
SUITE 110 MAIL STOP 005
GREENVILLE, SC 29601

322 ER ORT NATL ORANGE IN    NDEF

Electronically Recorded        3  PGS

RCD157

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN: 008-091-17  TS No.: 14-53310    TSG ORDER No.: 02-14043146

*ATTENTION RECORDER*: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS
APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY PURSUANT TO CA CIVIL CODE
2923.3

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP LULU Ý:
KÈM THEO ĐÂY LÀ BẢN TRÌNH BẢY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
## IMPORTANT NOTICE
## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND
## IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your past due
payments plus permitted costs and expenses within the time permitted by law for reinstatement of your
account, which is normally five business days prior to the date set for the sale of your property.  No sale
date may be set until approximately 90 days from the date this notice of default may be recorded (which
date of recordation appears on this notice).

This amount is **$209,134.02** as of **12/18/2014**, and will increase until your account becomes current.
While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes)
required by your note and Deed of Trust or mortgage.  If you fail to make future payments on the loan,
pay taxes on the property, provide insurance on the property, or pay other obligations as required in the
note and Deed of Trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to
reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a
condition of reinstatement that you provide reliable written evidence that you paid all senior liens,
property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the
entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even
though full payment was demanded, but you must pay all amounts in default at the time payment is
made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time
the notice of sale is posted (which may not be earlier than three months after this notice of default is
recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of
the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both
(1) and (2).

TS No.: **14-53310**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing**
**55 BEATTIE PLACE, SUITE 110 MAIL STOP 005**
**GREENVILLE, SC 29601**
**Attn: Foreclosure Department**
**888-404-5175**

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN:  That **Old Republic Default Management Services, a Division of Old Republic National Title Insurance Company** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **12/10/2004,** executed by **KIMBERLY COX, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY,** as Trustor, to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICA'S WHOLESALE LENDER, A CORPORATION,** as beneficiary, recorded **12/21/2004,** as Instrument No. 2004-0089505 , in Book --, Page --,  of Official Records in the Office of the Recorder of  Santa Cruz County, California describing land therein as: AS MORE FULLY DESCRIBED ON SAID DEED OF TRUST

Included among these obligations is one Note(s) for the original sum of **$544,000.00.** The beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing as servicer for, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-02, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-02 as the current beneficiary or its agent; and a breach of, and/or default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Installment of Principal and Interest plus impounds and/or advances which became due on **12/1/2008 plus late charges, and all subsequent installments of principal, interest, plus impounds and/or advances and late charges that become payable.**

That by reason therefore, the present beneficiary under such Deed of Trust has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS WAIVER OF ANY OTHER FEES OWING TO THE BENEFICIARY, OR OTHER DEFAULT BY THE TRUSTOR, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

The Declaration pursuant to California civil code section 2923.5 and/or 2923.55 is attached hereto as Exhibit A

Dated: **12/18/2014**

Old Republic National Title Insurance Company, As Trustee

BY:

Dalaysin Ramirez, Assistant Secretary

"We are attempting to collect a debt, and any information we obtain will be used for that purpose."

## California Declaration of Compliance
### (Civ. Code § 2923.55(c))

| | |
|---|---|
| Borrower(s): | KIMBERLY COX |
| Loan No.: | 0532846483 |
| Property Address: | 131 SUTPHEN ST |
| | SANTA CRUZ, CA 95060 |
| Trustee's Sale No.: | 14-53310 |

The undersigned declares as follows:

I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. Those records reflect *one* of the following:

☐ The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55. Thirty days, or more, have passed since the initial contact was made.

☒ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

☐ The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the individual does not meet the definition of a "borrower" under Civil Code §2920.5(c).

☐ No contact was made with the borrower pursuant to California Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan described in California Civil Code § 2924.15(a)

Executed on __December 10__, 2014, at __Houston__, __Texas__.

New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing

By: _Gary Cowherd_
[Name of Signer]

Print: __Gary Cowherd, Loss Mitigation Specialist__
[Name & Title]