**YU | MOHANDESI LLP**

**Pavel Ekmekchyan** (SBN 223222)
213.985.2007 | pavel@yumollp.com
**Neeru Jindal** (SBN 235082)
213.266.5459 | njindal@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendants
NewRez LLC dba Shellpoint Mortgage Servicing,
Qwendena Robinson, and Alfonso Ramirez

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| KIMBERLY COX,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LAW OFFICES OF LES ZIEVE, A PROFESSIONAL CORPORATION; RICHARD L. MROCZEK; NEWREZ LLC; QWENDENA ROBINSON; ALFONSO RAMIREZ; AND ALL PERSONS KNOWN OR UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT, ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD UPON PLAINTIFF S TITLE THERETO; AND DOES 1-100 INCLUSIVE,<br><br>　　　　　Defendants. | Case No.: 3:20-cv-04418-VC<br>Assigned to the Hon. Vince Chhabria<br><br>**DEFENDANTS' RESPONSE TO KIMBERLY COX'S "OBJECTION AND OPPOSITION TO NOTICE OF JOINDER AND JOINDER" BY QWENDENA ROBINSON AND ALFONSO RAMIREZ**<br><br>Complaint Filed: May 8, 2020<br>Removal Date: July 2, 2020 |

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Defendants NewRez LLC dba Shellpoint Mortgage Servicing, Qwendena Robinson, and Alfonso Ramirez respectfully submit the following Response to Plaintiff Kimberly Cox's "Objection and Opposition" [Dkt. 18] to the Notice of Joinder and Joinder [Dkt. 17] filed by Defendants Qwendena Robinson, and Alfonso Ramirez (the "Shellpoint Employees").

## I.      INTRODUCTION

In the face of Plaintiff's disingenuous and wrongful attempt to take the Shellpoint Employees' defaults, the Shellpoint Employees filed a Notice of Joinder and Joinder (the "Joinder") in the Motion to Dismiss filed by Shellpoint on July 9, 2020.  Plaintiff now objects to the Joinder on the grounds that the Shellpoint Employees should have, but did not, join in the Notice of Removal of this case filed by Shellpoint.  [Dkt. 1.]  Plaintiff's faulty contention is premised on her belief that she properly served the Shellpoint Employees.  She did not.  As discussed more fully herein below, Plaintiff failed to comply with the requirements of Cal. Code of Civ. Proc. Sections 415.40, 417.20.  For this reason, the Shellpoint Employees were not properly served, did not enter an appearance in this matter, and only did so to avoid their defaults being improperly taken by Plaintiff.  Moreover, and in any event, Plaintiff's argument is a non-starter because, even if the Shellpoint Employees had been properly served, they would have joined in the Removal and do hereby consent to the Removal.

Accordingly, for the reasons discussed below, Defendants request that Plaintiff's Objection to the Joinder be overruled.

## II.     PLAINTIFF FAILED TO PROPERLY SERVE THE SHELLPOINT EMPLOYEES

Plaintiff claims to have served the Shellpoint Employees as authorized by Cal. Code of Civ. Proc. § 415.40.  However, Plaintiff's service on these individual defendants is improper.  The return receipts attached to Plaintiff's Proofs of Service of Summons evidences that they were not signed by the Shellpoint Employees.  [Dkt. 19.]  Instead, they appear to bear the identical signature of an individual named "Tyrec Ordeford."  *Id.*  Plaintiff provides no evidence that this individual was authorized to accept service on behalf of either of the Shellpoint Employees.

Under Section 415.40, "[a] summons may be served on a person outside [California] ... by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." Cal. Code Civ. Proc. § 415.40; The Rutter Group, Cal.

Prac. Guide Civ. Pro. Before Trial Ch. 4-D, § 4:293 ("A nonresident defendant can be served anywhere in the world simply by mailing him or her copies of the summons and complaint 'by first-class mail, postage prepaid, requiring a return receipt' (i.e., certified or registered mail)."). "To prove service by mail on a nonresident pursuant to CCP § 415.40, there must be hard evidence of actual delivery—either a signed receipt or other proof that the defendant (or someone authorized by defendant) *actually received* the mail." *Id.* (emphasis in original). Thus, the proof of service must show evidence of *actual* delivery to the recipient. Cal. Code Civ. Proc. § § 417.20(a). Service by mail on a nonresident requires *strict* compliance with Section 417.20(a). *Bolkiah v. Sup.Ct.,* 74 Cal. App. 4th 984, 1001 (1999).

While a return receipt signed by someone authorized by the nonresident defendant to sign for his or her mail is sufficient, "in such a case, plaintiff will have to provide *separate evidence establishing the authority* of the person who signed the return receipt on defendant's behalf (e.g., declaration by third person stating D's office manager was authorized to sign for D's mail)." The Rutter Group, Cal. Prac. Guide Civ. Pro. Before Trial Ch. 4-D, § 4:381; *Neadeau v. Foster*, 129 Cal. App. 3d 234, 237-238 (1982) (where defendant "had designated another to receive mail on his behalf, receipt of said mail by the person authorized constitutes an actual delivery to the defendant.") Here, Plaintiff fails to provide any *evidence of actual receipt* by the Shellpoint Employees or that the individual signing the return receipt was authorized to sign on behalf of the Shellpoint Employees. Absent such evidence, Plaintiff's Proofs of Service are deficient and fail to establish proper service on the Shellpoint Employees.

Moreover, the Shellpoint Employees were purportedly served with the Summons by mail, to NewRez LLC's address in Pennsylvania. [Dkt. 19.] Plaintiff provides no evidence that the Shellpoint Employees live or work in Pennsylvania. Indeed, the Substitution of Trustee, which forms the basis of Plaintiff's claims against Ms. Robinson, signed by Defendant Qwendena Robinson, was notarized in Greenville, South Carolina. [Dkt. 1-1 at Ex. 3.] Plaintiff even alleges in the Complaint that Ms. Robinson is "a resident of Piedmont South Carolina." [Dkt. 1-1 at ¶ 10.] Similarly, Plaintiff alleges that Defendant Alfonso Ramirez is "a resident of Gaffney South Carolina." [*Id.* at ¶ 11.] Thus, the evidence is clear that Plaintiff did not serve either of the

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— 3 —

1  Shellpoint Employees at their home or work addresses.

2  Notwithstanding the foregoing, the Shellpoint Employees filed a Joinder in Shellpoint's
3  Motion to Dismiss to avoid their default being improperly taken.  The Shellpoint Defendants further
4  consent to the removal of this matter to Federal Court.

5  **III.   CONCLUSION**

6  For the foregoing reasons, Defendants respectfully request that the Court overrule the
7  Objections filed by Plaintiff.

9  DATED:  July 17, 2020.

YU | MOHANDESI LLP

By___*/s/ Neeru Jindal*_____
   Pavel Ekmekchyan
   Neeru Jindal
   Attorneys for Defendants
   NewRez LLC dba Shellpoint Mortgage Servicing,
   Qwendena Robinson, and Alfonso Ramirez

# CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2020, I electronically filed the foregoing document(s) entitled:

- DEFENDANTS' RESPONSE TO KIMBERLY COX'S "OBJECTION AND OPPOSITION TO NOTICE OF JOINDER AND JOINDER" BY QWENDENA ROBINSON AND ALFONSO RAMIREZ

with the Clerk of the Court at the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

DATED: July 17, 2020

By  */s/ Neeru Jindal*
    Neeru Jindal